COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| JAMES LEE SWEED, | | No. 08-08-00095-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 210th District Court |
| | § | |
| JAY L. NYE and TEXAS EQUAL | | of El Paso County, Texas |
| ACCESS TO JUSTICE FOUNDATION, | § | |
| | | (TC # 2007-2271) |
| Appellee. | § | |

**O P I N I O N**

James Lee Sweed, pro se, appeals a dismissal order declaring him a vexatious litigant and requiring that he post security as a precondition to any further litigation. Sweed brings four issues for review. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

Construing his pleadings broadly, Sweed filed suit for conversion on May 14, 2007, naming attorney Jay L. Nye and the Texas Equal Access to Justice Foundation (TEAJF) as defendants. He alleged that in April 2005, Nye improperly converted Sweed's personal funds and that Sweed was entitled to both the principal and interest pursuant to Article 1, Section 17 of the Texas Constitution and the Fifth Amendment of the United States Constitution. He further alleged that TEAJF "took" the earned interest for public use without compensating him.

Although Nye now practices with the office of the El Paso Public Defender, at the time of the events in issue, he represented Sweed in a personal injury lawsuit against El Paso County. Nye settled the lawsuit for $5,000 and deposited the proceeds in his interest-bearing IOLTA trust account

since Sweed was incarcerated. No funds were disbursed until Sweed was released from prison. In his answer, Nye alleged that the only money he had withdrawn for his own benefit was his one-third contingent fee. In September 2005, Sweed filed a grievance and the State Bar Grievance Committee summarily dismissed the complaint.

## PROCEDURAL SUMMARY

In his petition, Sweed alleged that TEAJF "may be served with process by serving the Attorneys General." Service of process was attempted by certified mail upon the Office of the Attorney General. A return receipt, signed only by the district clerk, was placed in the court file. Subsequently, the Attorney General filed an "Advisory to the Court of Absence of Jurisdiction" in which it articulated that TEAJF was a state agency such that citation must be served on the Secretary of State or upon the administrative head of the governmental unit being sued as required by Section 101.102 (c) of the Texas Civil Practice and Remedies Code.

Sweed filed his "First Motion for Summary Judgment" arguing that service upon the Attorney General was adequate service of process upon TEAJF. Nye filed a motion for summary judgment predicated on the statute of limitations and a motion to declare Sweed a vexatious litigant.

On October 3, 2007, the court conducted a hearing on all of these motions. The court declined to address Nye's motion for summary judgment concerning the statute of limitations; it denied Sweed's motion for summary judgment; it took judicial notice that the Attorney General was not the proper party for service of process upon TEAJF; it found that TEAJF had not been served with process; and it found that Sweed is a vexatious litigant. On February 20, 2008, the court dismissed the lawsuit with prejudice, declaring Sweed a vexatious litigant and requiring security of $5,000 as a precondition to any further litigation. This appeal follows.

## VEXATIOUS LITIGANT

In his first issue, Sweed complains that the trial court abused its discretion by finding him to be a vexatious litigant. We review the trial court's determination for an abuse of discretion. *Harris v. Rose*, 204 S.W.3d 903, 906 (Tex.App.--Dallas 2006, no pet.). Under that standard, we are not free to substitute our own judgment for that of the trial court. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). A trial court abuses its discretion if it acts in an arbitrary or capricious manner without reference to any guiding rules or principles. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

Chapter 11 of the Texas Civil Practice and Remedies Code provides a mechanism to restrict frivolous and vexatious litigation. *See* TEX.CIV.PRAC.&REM.CODE ANN. §§ 11.051-.057 (Vernon 2002); *Harris v. Rose*, 204 S.W.3d 903, 905 (Tex.App.--Dallas 2006, no pet.). This legislation sought to strike a balance between Texans' rights of access to their courts and the public interest in protecting defendants from those who abuse the Texas court system by systematically filing lawsuits with little or no merit. *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 804 (Tex.App.--Dallas 2006, pet. denied). A defendant may seek a court order determining that the plaintiff is a vexatious litigant and requiring the plaintiff to furnish security for the benefit of the moving defendant. TEX.CIV.PRAC.&REM.CODE ANN. § 11.051. A court may find a plaintiff to be a vexatious litigant if the defendant demonstrates that there is a reasonable probability that the plaintiff will not prevail in the litigation and

> (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been:
>
> > (A) finally determined adversely to the plaintiff;
> >
> > (B) permitted to remain pending at least two years without having been brought to trial or hearing; or

(C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, in propria persona, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition [sic], or occurrence.

*Id*. § 11.054. If the trial court determines that the plaintiff is a vexatious litigant, it must order the plaintiff to furnish security and determine the date by which security must be posted. *Id*. § 11.055(a), (b). If the plaintiff does not post security by the deadline, the trial court must dismiss the litigation as to the moving defendant. *Id*. § 11.056; *see also Gant v. Grand Prairie Ford, L.P.*, No. 02-06-00386-CV, 2007 WL 2067753, at *4 (Tex.App.--Fort Worth July 19, 2007, pet. denied) (mem.op.)(after trial court declared plaintiff a vexatious litigant, trial court had duty as a matter of statutory law to dismiss plaintiff's lawsuit after plaintiff failed to furnish required security within time ordered).

The record reveals that Nye presented sufficient evidence to satisfy the statutory requirements. During the hearing, Nye testified that he and Sweed entered into a contract providing for a one-third contingent fee. He tendered evidence indicating exactly how much he received, exactly how much was paid out, and exactly how much Sweed received. Nye also presented a complete accounting of the monies, including an additional $95 that he paid to Sweed in order to settle the dispute while it was still at the grievance level. Based upon this evidence, Nye established

that there was a reasonable probability that Sweed would not prevail in the litigation. TEX.CIV.PRAC.&REM.CODE ANN. § 11.054.

Additionally, Nye introduced the official record keeping of the Able Term Sessions (JIMS) showing that Sweed has filed seventeen lawsuits since 1993. The seven-year statutory window extends from the date Nye filed his motion back to 2000. Since 2000, Sweed filed lawsuits bearing cause numbers 2000-4238, 2002-5576, 2003-862, 2003-5364, 2005-5667, and the present lawsuit 2007- 2271. All of the lawsuits have been disposed by dismissal, by summary judgment, or for want of prosecution. Nye described the lawsuits for the trial court:

> Just briefly, as the Court can see from examination, he has sued me, he has sued the City of El Paso, he has sued the Sheriff's Department, he's sued the court reporters, he's sued the 210th District Court, he's sued the District Attorney's Office, he's sued court administration, County Court 4, he sued Judge Kitty Schild, the District Clerk, again the Sheriff, the jail, Mr. Ryden [ph], I don't know who that was, the jail, the medical department from the jail, the doctor from the jail, the food service from the jail. Again, in another lawsuit, the jail, the jail personnel, the licensed vocational nurse from the jail.
>
> Judge, he has sued in another case Judge Sam Paxson, Mayor Francis, Judge Chuck Mattox of El Paso County. In another lawsuit, the Sheriff, the jail medical facility, again, El Paso County. Another lawsuit, the jail, the Sheriff, Judge Chacon. And then, of course, the lawsuit that started this whole thing back in '93, which was settled. In addition to that he has filed grievances against me, several.

In its written order, the trial court found that Sweed's pleadings were signed in violation of Section 9.011 of the Civil Practices and Remedies Code in that they were groundless, brought in bad faith, and for the purpose of harassment. With regard to Chapter 10 of the Code, the trial court found that the pleadings were filed for improper purposes, including harassment, and that none of the allegations or factual contentions had any evidentiary support. As to Chapter 11, the court found that there was no reasonable probability that Sweed would prevail in the litigation, that he is a vexatious litigant who has filed multiple lawsuits against Nye and others, in excess of five lawsuits and

grievances other than small claims in the seven year period immediately preceding the date that Nye filed his motion, all of which were determined adversely to Sweed and which Sweed has repeatedly re-litigated or attempted to re-litigate against the same defendant. Because the record clearly establishes that the trial court did not abuse its discretion in ruling Sweed to be a vexatious litigant, we overrule Issue One.

## STATUTE OF LIMITATIONS

In Point of Error Two, Sweed contends that the trial court abused its discretion by finding that his lawsuit was not timely filed within two years of the incident giving rise to the claim. Nye affirmatively pled a limitations defense and sought summary judgment on that basis. But the trial court expressly refused to rule on Nye's motion for summary judgment. We overrule Issue Two.

## SERVICE UPON TEAJF

In his third issue, Sweed complains that the trial court abused its discretion by finding his that his petition was not properly served on TEAJF. As we have noted, Sweed requested service upon the Attorney General Office of the State of Texas. Sweed argues that because the Attorney General is charged with representing the State and its agencies in all civil litigation, his office has the authority to accept service of process. In support of this argument, he directs us to Sections 104.004 and 104.005 of the Texas Civil Practice and Remedies Code. Section 101.102(c) provides that citations must be served as in other civil cases unless no method of service is provided by law, in which case service may be on the administrative head of the governmental unit being served. The Texas Attorney General has not been statutorily or constitutionally designated the administrative head of TEAJF. Article 4, Section 22, Texas Constitution; TEX.GOV'T CODE ANN. § 402.021 (Subchapter B. Duties of the Attorney General). Additionally, Section 30.004 requires more:

(a) This section applies to a civil case in which:

> (1) the state is named as a party;
>
> (2) an agency in the executive or legislative department is named as a party; or
>
> (3) a party may be represented by the attorney general as authorized by Chapter 104.

(b) On the filing of any petition in a case subject to this section, a copy of the petition shall be mailed to the attorney at the attorney general's office in Austin, Texas, by United States Postal Service certified mail, return receipt requested.

*(c) Mailing notice as required by Subsection (b) does not satisfy any other jurisdictional requirement relating to service of process on a state officer, board, commission, agency, or institution that is a named party in a court proceeding.* [Emphasis added].

(d) Failure to give notice in a case in which notice is required by Subsection (b) results in any default judgment in the case being set aside without costs.

TEX.CIV.PRAC.&REM.CODE ANN. § 30.004 (Vernon 2009). No agent or employee of TEAJF was served with process or entered an appearance before the district court. We overrule Issue Three.

## LACK OF JURISDICTION

Finally, Sweed argues that the trial court abused its discretion by finding that the trial court lacked jurisdiction. From his brief, it appears that Sweed has construed the trial court's order as finding a lack of subject matter jurisdiction. He directs us to *State v. Meyer*, 403 S.W.2d 366 (Tex. 1966), a condemnation case in which damages were awarded. The only relevance we can discern is a "takings" reference found in one sentence of Sweed's argument, "and under the Texas Supreme Court holding in State vs. Meyer [citation deleted] the trial court have [sic] jurisdiction over this plaintiff conversion of personal property claim." Certainly the trial court had subject matter jurisdiction of the conversion claim and it did not rule otherwise. The court did find during the hearing that TEAJF had not been served with process--a requirement of personal jurisdiction--but

that was not the basis for the dismissal. The written order contains the following language:

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that this lawsuit brought by Plaintiff is deemed a frivolous lawsuit and therefore shall be and is hereby dismissed with prejudice pursuant to Sections 9 and 10 of the Texas Civil Practice and Remedies Code and Rule 13 of the Texas Rules of Civil Procedure.

* * * * * *

The Court therefore orders that Plaintiff **SWEED** pay into the registry of the court the amount of five thousand dollars ($5,000.00) within ten (10) days of the date of this order as security for the benefit of Defendant **NYE** . . . . Failure to deposit said security is additional grounds for the dismissal of the suit.

Sweed did not, and has not, posted security. We overrule Issue Four. Having overruled all issues for review, we affirm the judgment of the court below.


February 24, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.