**Opinion filed January 6, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00036-CV

_____

## ROBERT A. LANSINK, Appellant

## V.

## LISA K. LANSINK, Appellee

**On Appeal from the 324th District Court**

**Tarrant County, Texas**

**Trial Court Cause No. 324-356592-03**

## M E M O R A N D U M   O P I N I O N

Robert A. Lansink appeals the trial court's amended final order of November 12, 2008, in which Robert was declared a vexatious litigant toward Lisa K. Lansink, their children, and Lisa's attorney. In the order, the trial court ordered Robert to pay $11,700 to Lisa's attorney, struck part of Robert's earlier affidavit of relinquishment, enjoined the parties from communicating with the court ex parte, and ordered Robert to deposit into the registry of the trial court attorney's fees of $25,000 if he filed an appeal or a postjudgment motion. We affirm.

Robert presents five issues on appeal. In the first issue, Robert argues that the trial court erred in finding that his suit had been dismissed by the 48th District Court. In the second and third issues, Robert challenges the trial court's authority to strike portions of an affidavit that had been filed in a prior suit. In his fourth issue, Robert complains of the trial court's effective denial of his motion for new trial. Finally, Robert urges that the trial court erred in declaring him to be a vexatious litigant.

With respect to his first issue, the record does not support Robert's assertion that the trial court in this case, the 324th court, found that the 48th court had "dismissed" Robert's claims. To the contrary, the record shows that Robert's claims were disposed of by the 324th court. Robert filed the petition at issue in this appeal in the 48th court. The 48th court transferred the case upon finding that Robert's claims stemmed from an action for divorce that had already been disposed of by the 324th court. Lisa filed an answer in which she requested attorney's fees and also asserted a plea in bar, a motion to consider the petition as a bill of review and to require a security deposit, and a motion to declare Robert a vexatious litigant. The 324th court disposed of Robert's claims in an order signed April 9, 2008, which provided that the petition originally filed by Robert in the 48th court "is barred," that the petition "should have been filed as a Bill of Review under the original cause number," and that Robert failed to deposit $25,000 into the court's registry within three days of the filing of his petition. Robert's first issue is overruled.

In the next two issues, Robert complains of the trial court's striking portions of an affidavit that Robert had filed in support of his voluntary relinquishment of parental rights. The judgment reflects that the trial court "on its own motion" struck portions of an affidavit of relinquishment that Robert had filed in the clerk's office on December 17, 2007. The trial court noted in open court that the affidavit of relinquishment filed by Robert in the clerk's office was "not the one that was presented to the Court" and that the affidavit he filed contained "allegations of evidentiary fact that should not have been included."[1]

A trial court has exclusive jurisdiction of proceedings to determine the correctness of or to change the face of its own records. *Boggess v. Harris*, 39 S.W. 565 (Tex. 1897). A trial court

---

[1] We note that the trial court purported to act pursuant to TEX. FAM. CODE ANN. § 6.402(c) (Vernon 2006), which requires a trial court to "strike an allegation of evidentiary fact from the pleadings on the motion of a party or on the court's own motion" in a suit for dissolution of marriage. Robert correctly asserts that Section 6.402(c) applies only to suits for dissolution of marriage and that the Lansinks had been divorced for well over two years when he filed the affidavit of relinquishment. The trial court's misguided reliance upon Section 6.402(c), however, does not affect the propriety of its ruling.

2

is authorized to change the contents of its record. *Gerneth v. Galbraith-Foxworth Lumber Co.*, 300 S.W. 17, 20 (Tex. 1927); *Goode v. Shoukfeh*, 915 S.W.2d 666, 671 n.6 (Tex. App.—Amarillo 1996), *aff'd*, 943 S.W.2d 441 (Tex. 1997). Robert does not take issue with the trial court's finding that the affidavit Robert filed in the clerk's office was not the one that he had presented to the trial court at the hearing regarding termination of parental rights. Nor does the record in this appeal controvert that finding. A final order terminating Robert's parental rights had been entered on December 17, 2007. The propriety of that order was not at issue in the underlying proceeding and is not at issue in this appeal. Consequently, any error in striking portions of the affidavit from the clerk's record would not be reversible error because it did not cause the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1. The second and third issues are overruled.

In his fourth issue, Robert contends that the trial court erred in effectively denying his motion for new trial with respect to the trial court's order of April 9, 2008. Prior to entering that order, the trial court held a hearing in March. Robert was not present at the hearing and had not been given timely notice of a trial setting. *See* TEX. R. CIV. P. 245. A trial court may, however, hold a pretrial hearing upon shorter notice than the notice required by Rule 245 for a trial setting. *See* TEX. R. CIV. P. 21, 166. The record reflects that Lisa's counsel certified that he complied with the rules in serving notice of the hearing. The trial court ruled that the petition filed by Robert was actually a bill of review; that Robert was required, pursuant to the final order of December 17, 2007, to deposit $25,000 into the court's registry within three days of filing a bill of review; and that Robert violated the December 17 order by failing to deposit $25,000 into the court's registry or post a $25,000 bond. The trial court also declared Robert to be a vexatious litigant and ordered him to pay $4,800 in attorney's fees to Lisa's attorney. The trial court subsequently granted in part a motion for new trial filed by Robert. The court explicitly granted the new trial only on the issues relating to attorney's fees and to Robert being declared a vexatious litigant. Robert asserts that a new trial should have been granted as to the entire April order. We disagree.

A trial court is authorized to grant a motion for new trial in part when the matter upon which the new trial is granted may be separated without unfairness to the parties. TEX. R. CIV. P. 320. The claims asserted by Robert were separable from those upon which the trial court granted a new trial. Furthermore, a judgment may be rendered by way of a pretrial hearing in

limited circumstances where the only issues to decide are legal issues. *Walden v. Affiliated Computer Servs., Inc.*, 97 S.W.3d 303, 323 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 354-55 (Tex. App.—San Antonio 1999, pet. denied). The trial court did not err in using the pretrial hearing to decide legal issues involving no fact disputes. After Robert failed to deposit funds into the registry of the court, the trial court held a hearing and determined that Robert had failed to comply with the previous order of the trial court. Based upon Robert's noncompliance, the trial court was authorized to dismiss Robert's petition. *See Sweed v. Nye*, 319 S.W.3d 791 (Tex. App.—El Paso 2010, pet. denied). Robert has not shown that the trial court abused its discretion in refusing to grant a new trial as to the claims asserted in his petition. The fourth issue is overruled.

In his final issue, Robert argues that the trial court erred in declaring him to be a vexatious litigant. We disagree.

A plaintiff may be declared a vexatious litigant pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(2) (Vernon 2002) if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:

> [A]fter a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, in propria persona, either:
>
> > (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or
>
> > (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined.

Section 11.054(2). On appeal, we review a determination that a person is a vexatious litigant under an abuse of discretion standard. *Pandozy v. Beaty*, 254 S.W.3d 613, 619 (Tex. App.—Texarkana 2008, no pet.).

The record in this case shows that the trial court had entered a final decree of divorce in March 2005 disposing of the parties' marital property and that among the numerous filings by Robert against Lisa are two pro se petitions that support the trial court's vexatious finding. These petitions were effectively bills of review attacking the earlier disposition of the marital property due to Lisa's alleged fraud and negligence. The more recent of these two petitions was filed in the 48th court on December 20, 2007, and was subsequently transferred to the 324th

court.  In February 2007, Robert had filed a similar petition alleging the same causes of action against Lisa in the 141st court.  That pro se petition was consolidated into the case in the 324th court, where it was subsequently struck in a December 3, 2007 order of the trial court upon the granting of a motion for sanctions against Robert.  The order striking Robert's February petition constituted a final determination of the causes of action pleaded therein against Lisa. *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 919 (Tex. 1991) (sanctions such as striking pleadings may have the effect of adjudicating a dispute).  Robert's subsequent refiling of these claims in the December 20 petition was an attempt to thwart the order striking his February petition and constituted an attempt to relitigate the same claims against Lisa that had already been adjudicated.  Because the February petition had been struck, there was no reasonable probability that Robert would prevail in a subsequent petition alleging the same claims against the same defendant.  We hold that the trial court did not abuse its discretion in determining that Robert is a vexatious litigant.  The fifth issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


January 6, 2011

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.