**Affirmed and Opinion Filed October 19, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00801-CV

**JAY SANDON COOPER, Appellant**
**V.**
**JUDGE PAUL MCNULTY, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-01611-2015**

## MEMORANDUM OPINION

Before Justices Francis, Stoddart, and Schenck
Opinion by Justice Francis

Jay Sandon Cooper appeals the trial court's order declaring him a vexatious litigant and issuing a pre-filing order against him. Cooper raises fifteen issues. Having considered his issues, we conclude they are without merit and affirm the order.

Plano Municipal Court Judge Paul McNulty convicted Cooper of speeding. Cooper appealed his conviction to the county court at law and filed an affidavit of indigency in municipal court to secure a free record on appeal. Judge McNulty set the matter for hearing on April 24, 2015 and ordered Cooper to produce (1) his federal tax returns for the years 2013 and 2104, if available; (2) his bank statements for the twelve months preceding April 1, 2015; and (3) evidence of any and all income paid to or received by him for the twelve months preceding April 1, 2015.

Cooper objected to the order and filed a motion to vacate, arguing Judge McNulty exceeded his authority. When Judge McNulty did not rule within a week, Cooper filed a request for ruling. After he was given written notice that his objections and motions would be addressed at the hearing, Cooper filed a motion asking the judge to sever the two issues and consider only his objections and motion to vacate on April 24 and to reschedule the indigency hearing. The motion was denied.

On the day the hearing was set, Cooper filed a petition for writ of mandamus and writ of prohibition in the 219th Judicial District Court in Collin County, challenging Judge McNulty's order for him to produce the various financial records. Cooper also filed an affidavit seeking to proceed without paying costs. The Collin County District Clerk contested the affidavit and, after a hearing, the district court sustained the contest and determined Cooper could not "proceed as a pauper or without paying all applicable costs and fees." The court ordered Cooper to pay "the filing fees and all other applicable fees and/or costs of any kind or nature associated with the filing, prosecution, and/or appeal of this case." The May 8, 2015 order further provided that if Cooper did not pay within ten days of the order, "the case will be dismissed for costs without further notice or order and execution shall issue for the collection thereof."

Six days later, the district court ordered a hearing to determine whether Cooper and his wife, Teresa, met the criteria in chapter 11 of the Texas Civil Practice and Remedies Code to be declared vexatious litigants and, if so, whether a pre-filing order should be issued against them. The court ordered the Collin County District Clerk to appear at the hearing and provide the court with evidence "material to the issue" of whether the Coopers meet that criteria. The hearing was set for June 23, 2015.

Cooper filed objections to the hearing. A hearing on those objections was held on June 17. Before the hearing began, Cooper was arrested and handcuffed outside the courtroom on an

–2–

outstanding warrant.[1]  During the hearing, Cooper argued the trial court did not have authority under the statute to sua sponte hold a hearing on whether he was a vexatious litigant.  He also argued the case arose from a criminal matter and therefore was not considered a civil litigation as required by the statute.  He also objected that the order included his wife, who was not a party to the litigation.  At the conclusion of the hearing, the court ruled Cooper's wife need not appear at the hearing but overruled all other objections.  The trial court then conducted a hearing in an unrelated case.  Once that was over, Cooper was exiting the courtroom in the custody of Plano police and commented, "This is the way you get treated by the Court for a speeding ticket that you have on appeal."  The trial court told Cooper he was "disrupting the Court proceeding," found him in contempt, and sentenced him to ninety days in county jail.  (According to Cooper's brief, the trial court reduced his confinement to fourteen days.)

Six days later, the trial court held the vexatious litigant hearing.  The district clerk offered, and the trial court admitted, exhibits 1 through 24, which comprised records in twenty state, federal, and bankruptcy court cases filed pro se by Cooper since May 14, 2008 and which were determined adversely against him.  Exhibits 25 and 26, which involved Cooper's ongoing litigation against the City of Plano, were also admitted.

Cooper then testified.  When asked if he had filed twenty lawsuits in the past seven years, he said he did not know.  When asked how many he thought he had filed, he said he did not know.  Cooper ultimately said he had filed "probably about 10" lawsuits but denied any were frivolous.  He said some were "improperly dismissed" and were on appeal.  He also admitted he had been sanctioned by a federal court but had appealed that ruling.

---

[1]Although the reason for the warrant was not stated at the hearing, the record contains a capias pro fine, issued the day before, ordering Cooper's arrest for failure to pay the fine on his speeding conviction.

After considering the evidence, the trial court declared Cooper a vexatious litigant and issued a pre-filing order prohibiting him from filing pro se any new litigation in state or federal court until and unless he had written permission from the appropriate local administrative judge. Cooper filed this appeal.

Before turning to the merits of Cooper's appeal, we begin by addressing issues related to his brief. In general, a brief must state concisely all issues for review and reveal the legal questions we are called upon to decide. *See* TEX. R. APP. P. 38.1(f); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.). The appellate rules also require a brief to contain a clear and concise argument for the contentions made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1(i). We have no right or obligation to search through the record to find facts or research relevant law that might support an appellant's position because doing so would impermissibly transform this Court from neutral adjudicators to advocates. *Lau v. Reeder*, 05-14-01459-CV, 2016 WL 4371813, at \*2 (Tex. App.—Dallas Aug. 16, 2016, no pet. h.).

Cooper's brief is seventy-one pages in length. The brief identifies fifteen specific issues, but does not denote where each of these fifteen issues is discussed. Rather, the Table of Contents indicates the argument for all issues is located on page 25 with the conclusion found on page 70. Moreover, many of the headings that precede his arguments in the body of the brief do not correspond to the stated issues. We have attempted to discern each of Cooper's arguments and, where properly briefed, will address each in turn.

Chapter 11 of the Texas Civil Practice and Remedies Code addresses vexatious litigants —persons who abuse the legal system by filing numerous, frivolous lawsuits. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.001–.104 (West 2002 & Supp. 2016); *In re Douglas*, 333 S.W.3d 273, 282 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). As relevant here, under

this chapter, the court may find a plaintiff is a vexatious litigant if the defendant shows (1) there is not a reasonable probability the plaintiff will prevail in the litigation; and (2) the plaintiff, acting pro se, has commenced, prosecuted, or maintained at least five litigations, other than in small claims court, that have been finally determined adversely to him within the seven-year-period preceding the motion. TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(1)(A) (West Supp. 2016).

We review a trial court's declaration that a litigant is vexatious for an abuse of discretion. *Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App.—Dallas 2006, no pet.); *Amar-Sharif v. Quick Trip Corp.,* 416 S.W.3d 914, 919 (Tex. App.—Dallas 2013, no pet.). Under this standard, we are not free to substitute our own judgment for the trial court's judgment. *Harris*, 204 S.W.3d at 905. We can only find an abuse of discretion if the trial court acts in an arbitrary or capricious manner without reference to any guiding rules or principles. *Id*. The court's decision must be so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id*.

In issues one, two, four, five, and ten, Cooper makes several arguments related to the construction of the statute and whether the order in this case meets the statutory requirements. He generally contends the trial court erred by (1) ordering a hearing on its own motion when the statute requires a "moving defendant," (2) applying the vexatious litigant statute to a criminal case, and (3) considering appellant a "plaintiff" when he was a "relator."

Beginning with the first argument, Cooper argues the plain language of the statute does not permit a motion by the court. Rather, he contends, "only a moving defendant can initiate the process for a court to find a plaintiff to be vexatious" and the statute limits the court's power to issuing a pre-filing order sua sponte. We disagree.

Section 11.101 of the statute under which Cooper was declared a vexatious litigant provides:

(a) A court may, *on its own motion* or the motion of any party, enter an order prohibiting a person from filing, pro se, a new litigation in a court to which the order applies under this section without permission of the appropriate local administrative judge described by Section 11.102(a) to file the litigation if the court finds, after notice and hearing as provided by Subchapter B [section 11.051 et seq.], that the person is a vexatious litigant.

TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a) (emphasis added).

Our sister court in *In re Douglas* has addressed the issue raised by Cooper here and, after analyzing the statute as a whole, concluded such an interpretation is "directly contrary to the explicit language and plain meaning of section 11.101(a)." *In re Douglas*, 333 S.W.3d at 285–86. Specifically, the statute authorizes a court "on its own motion" to raise the vexatious litigant issue, and a contrary interpretation "not only defeats the clear intent of the Legislature but denies the trial court not only the statutory but the inherent right to control its own docket, including the inherent right to protect judicial resources from waste in frivolous and vexatious litigation, defeating the object of the statute." *Id.* We agree with the analysis in *Douglas* and conclude the trial court could raise the issue sua sponte.

Next, Cooper argues the statute requires a "litigation," which is defined under the statute as a "civil action . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 11.001(2). He argues his petition for writ of mandamus is not a "civil action" because it arose from a criminal law matter and the statute therefore does not apply. We disagree.

An original proceeding for writ of mandamus initiated in the trial court is a civil action subject to trial upon substantive law principles and procedural rules as in any other civil suit. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n.1 (Tex. 1991); *In re Davis*, No. 12-15-00238-CR, 2016 WL 1043132, at 1 (Tex. App.—Tyler Mar. 16, 2016, orig. proceeding) (mem. op.) It is not a criminal action even if it arises from a criminal proceeding. *See Hogan v. Turland*, 428 S.W.2d 316, 317 (Tex. 1968); *In re Davis*, 2016 WL 1043132, at *1. The civil nature of the action is demonstrated by the fact it is not brought by, nor in the name of, the State,

–6–

and the officer against whom the writ is requested is not alleged to have committed a crime nor violated any penal statue. *Hogan*, 428 S.W.2d at 317. Because Cooper's petition for writ of mandamus is considered a civil action, this issue is without merit.

To the extent he argues the statute does not apply because he is a "relator" and not a "plaintiff," he has offered no authority to support his contention. Regardless, a plaintiff is defined as "an individual who commences or maintains a litigation pro se." TEX. CIV. PRAC. & REM. CODE ANN. § 11.001(5). A litigation is defined as "a civil action commenced, maintained, or pending in any state or federal court." *Id.* § 11.001(2). A petition for writ of mandamus initiated in the trial court is a civil action. Thus, a mandamus action is a civil action for which the vexatious litigant statute applies. *See Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 700 (Tex. App.—El Paso 2011, no pet.) (concluding under statutory definitions, "a person who seeks mandamus relief commences a civil action in the appellate court"). We conclude Cooper commenced a civil action by filing the petition for writ of mandamus and is a plaintiff as contemplated by the statute. We overrule issues one, two, four, five, and ten.

In his eighth issue, Cooper contends the vexatious litigant statute is unconstitutional because "it purports to limit would-be plaintiffs' right[s] to file litigation to alter, amend, or reform their government." He argues the statute violates his rights to due process and equal protection but has provided no analysis of the statute.

Five of our sister courts have concluded the statute does not violate the vexatious litigant's constitutional due process and/or equal protection rights. *See In re Potts*, 357 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding); *Johnson v. Sloan*, 320 S.W.3d 388, 389–90 (Tex. App.—El Paso 2010, pet. denied); *Clifton v. Walters*, 308 S.W.3d 94, 101–02 (Tex. App.—Fort Worth 2010, pet. denied); *In re Johnson*, No. 07-07-0245-CV, 2008 WL 2681314, at *2 (Tex. App.—Amarillo Jul. 9, 2008, orig. proceeding); *Leonard v. Abbott*,

171 S.W.3d 451, 457–58 (Tex. App.—Austin 2005, pet. denied). The purpose of the vexatious litigant statute is to restrict frivolous and vexatious litigation. *Leonard*, 171 S.W.3d at 457. It attempts to "strike a balance between Texans' right of access to their courts and the public interest in protecting defendants from those who abuse the Texas court system by systematically filing lawsuits with little or no merit." *Retzlaff*, 356 S.W.3d at 702 (quoting *Sweed v. Nye*, 319 S.W.3d 791, 793 (Tex. App.—El Paso 2010, pet. denied)). It does not authorize courts to act arbitrarily, but permits them to restrict a plaintiff's access to the courts only after first making specific findings that the plaintiff is a vexatious litigant based on factors closely tied to the likelihood that the incident litigation is frivolous. *Id.*

Cooper has not shown the statute's restrictions are unreasonable and arbitrary when balanced against the purpose and basis of the statute. Rather, he appears to suggest any restriction on his right to file lawsuits would be unconstitutional. But there is no constitutional right to file frivolous litigation. *Id.* Contrary to his suggestion otherwise, he has not been categorically barred from filing pro se lawsuits. Rather, because of evidence of his past litigation history, the order requires him to obtain permission from the local administrative judge before filing. When balanced against the significant costs of defending Cooper's likely frivolous lawsuits in the future, these restrictions are not unreasonable. *See Leonard*, 171 S.W.3d at 458.

He also asserts because "other people seeking redress of their grievances" are not required to obtain permission first, he is being denied equal protection of the law. The record shows Cooper is required to obtain permission because the trial court found he met the statutory requirements under chapter 11 to be declared a vexatious litigant, and other litigants who are found to meet these standards are likewise subject to the same restrictions.

Finally, to the extent he argues the statute is unconstitutional as applied to him because it has "worked to unlawfully prevent" him from "furthering a criminal appeal," he has not shown

the vexatious litigant finding impacted his appeal of his speeding conviction. To the contrary, in his brief, Cooper asserts his appeal to the county court was remanded because there was no evidence he filed an appeal bond. We overrule the eighth issue.

In issues three, twelve, and thirteen, Cooper generally complains about Judges Roach and Becker who presided over various matters related to the vexatious litigant matter.

In his third issue, Cooper argues Judge Roach should have recused himself instead of deciding his "own motion" to find Cooper to be a vexatious litigant. By not doing so, Cooper asserts "the trial" was fundamentally unfair. Our record does not contain a motion to recuse nor has Cooper asserted that he filed one. Under these circumstances, we conclude he has failed to preserve his complaint. *Nairn v. Killeen Indep. Sch. Dist.*, 366 S.W.3d 229, 250 (Tex. App.—El Paso 2012, no pet.). We overrule the third issue.

In his twelfth issue, Cooper complains he was denied due process and makes a number of unsupported assertions regarding Judge Roach and his motivations in the case, as well as other county officials. In particular, he speculates Judge Roach had him arrested to "inhibit" his ability to respond to the vexatious litigant motion. He said once jailed, he was assigned and reassigned to three different pods over the next four days, which apparently prevented him from being able to order paper, pen, envelopes, and postage from the jail commissary until the fourth day. He said he handwrote an application for writ of habeas corpus, addressed it to the Collin County Clerk, and placed it in the mail with proper postage, but the sheriff's department instead placed it in inter-departmental mail, where it was delivered to the district clerk, who then mailed it to his home. He asserts the mail was taken from a "locked and labeled mail receptacle," opened, and "likely provided to Judge Roach." He also complains he was served with the district clerk's evidence on a Friday afternoon, four days before the hearing, and was unable to go to the law library because it was closed over the weekend, and he did not have access to his records.

Cooper supports this issue with two sentences of legal authority and no analysis. Under these circumstances, we conclude the issue is inadequately briefed. *See* TEX. R. APP. P. 38.1. Nevertheless, we have reviewed the record. Most of the above assertions are unsupported in the record. The only assertion that is supported involves receiving, on Friday afternoon, the district clerk's documents showing the lawsuits he had filed in the past seven years. But in this instance, appellant has not complained he was entitled to a continuance so that he could research a response. Nothing in the record suggests Cooper was denied due process. We overrule the twelfth issue.

In his thirteenth issue, Cooper complains (1) Judge Roach "went too far" by jailing him for contempt during the time he would otherwise have to prepare his case against a vexatious litigant finding and (2) Judge Becker rejected the filing of his objections to the contest of his Rule 20 affidavit, based on the vexatious litigant finding. He asks this Court to find that both are "disqualified to hear any case in which Cooper is involved."

Only in the rarest circumstances are judicial rulings demonstrative of the degree of favoritism or antagonism required to show that a fair and impartial trial is impossible. *Markowitz v. Markowitz*, 118 S.W.3d 82, 88 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Such rulings are generally best brought as grounds for appeal, not as evidence of judicial bias. *Id.*

Having reviewed the record here, neither of the rulings is evidence of judicial bias. Cooper was held in contempt of court for disrupting court proceedings. He could have challenged his confinement by writ of habeas corpus[2] but did not. Once he was determined a vexatious litigant, Judge Becker disallowed the filing of objections to the clerk's contest to his

---

[2] Cooper asserts in his brief, without evidentiary support, that he did attempt to mail an application for writ of habeas corpus but the sheriff's office placed in inter-departmental mail.

affidavit of indigency for a free record on appeal to this Court. Cooper did not timely challenge that ruling. We express no opinion on the correctness of either judge's actions, but even if error, neither demonstrate the degree of antagonism necessary to show impartiality. We overrule the thirteenth issue.

In his eleventh issue, appellant argues the evidence is legally and factually insufficient to support the trial court's finding that there is no reasonable probability that he will prevail in the instant litigation.

In its order, the trial court found two bases for determining no reasonable probability that Cooper could prevail in the litigation: (1) the mandamus action was dismissed when Cooper failed to pay the applicable filing fee and (2) the relief sought in the mandamus became moot once the underlying case had become final. But, on appeal, Cooper addresses only the first basis for the trial court's finding there was no probability he would prevail; he does not challenge the second basis.

As a general proposition, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment. *Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423–24 (Tex. App.—Dallas 2009, no pet.). If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, we must accept the validity of that unchallenged independent ground, and any error in the grounds challenged on appeal is harmless because the independent ground fully supports the complained-of ruling or judgment. *Id.*

Even if the record supported Cooper's argument as to the first basis, he has not challenged the second basis for the trial court's finding; consequently, any error is harmless. We conclude his eleventh issue is without merit.

–11–

In his sixth issue, Cooper asserts the doctrine of res judicata barred the district court from considering "what a previous judge had already considered and ruled on." Specifically, he asserts the 95th Judicial District Court in Dallas had previously failed to find he was a vexatious litigant, after considering the cases filed through 2009, and the order was made final in January 2013. Thus, he argues it was an abuse of discretion for the trial court to consider any cases he filed before January 2013. As evidentiary support, he directs us to exhibit 15, which is the docket sheet from the 95th Judicial District Court for a case filed by Cooper in June 2009. While the docket sheet shows a vexatious litigant motion was filed and a hearing held, the exhibit does not indicate how the court ruled or if it ruled; thus, it does not support Cooper's argument.

Regardless, even if we assumed res judicata could apply (which we do not), Cooper cannot show harm. *See* TEX. R. APP. P. 44.1. Cooper has not explained why 2013 is the operative date, when under his own assertion, the district court considered and ruled on the matter in 2009. Of the twenty cases presented, only two were finally resolved against Cooper before December 2009. Moreover, the evidence shows that since January 2013, Cooper has "commenced, prosecuted, or maintained" at least five litigations as a pro se litigant, other than in small claims court, that were determined adversely to him. Thus, even if we exclude the very evidence Cooper claims is inadmissible, the remaining evidence is sufficient to support the trial court's finding. We overrule the sixth issue.

In his seventh issue, Cooper contends the trial court erred by taking judicial notice of the records of other courts. A court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. TEX. R. EVID. 201(b); *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam). Judicial notice of such a fact is mandatory if a party requests it and

supplies "the necessary information." TEX. R. EVID. 201(c)(2); *Freedom Commc'ns*, 372 S.W.3d at 623. Under this standard, a court will take judicial notice of another court's records if a party provides proof of the records. *Id.*

At the hearing, the district clerk offered documents from the respective courts' online dockets of Cooper's filings in state and federal courts (exhibits 1 through 24) and asked the court to take judicial notice of them. Because the district clerk provided proof of the records, the trial court did not abuse its discretion by taking judicial notice. We overrule the seventh issue.

In issue nine, Cooper asserts section 24.003 of the Texas Government Code is unconstitutional. He does not present any relevant authority or analysis with respect to this issue; accordingly, it is waived. *See* TEX. R. APP. P. 38.1.

In his final issues, Cooper raises complaints regarding the district clerk's contest to his affidavit filed to obtain a free record in this appeal. In his fourteenth issue, he asserts the trial court erred by rejecting the filing of his objections to the contest because he did not first obtain the administrative judge's permission. In his fifteenth issue, he complains the trial court erred by allowing attorney Robert J. Davis to represent the district clerk at the hearing on the contest.

If a trial court sustains a contest, the party claiming indigence may seek review of the court's order by filing a motion challenging the order with the appellate court without advance payment of costs. TEX. R. APP. P. 20.1(j)(1). The motion must be filed within ten days after the order sustaining the contest is signed, or within ten days after the notice of appeal is filed, whichever is later. TEX. R. APP. P. 20.1(j)(2).

Here, the order sustaining the clerk's contest was signed on July 7, 2015, six days after Cooper filed his notice of appeal. Thus, Cooper had until July 17 to raise complaints regarding the contest to his affidavit of indigency. He did not do so. We therefore conclude his complaints are not timely. We overrule the fourteenth and fifteenth issues.

–13–

We affirm the trial court's order declaring Cooper a vexatious litigant.



/Molly Francis/
MOLLY FRANCIS
JUSTICE

150801F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JAY SANDON COOPER, Appellant

No. 05-15-00801-CV      V.

JUDGE PAUL MCNULTY, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-01611-2015.
Opinion delivered by Justice Francis;
Justices Stoddart and Schenck participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

Judgment entered October 19, 2016.