**Stephen Aaron BERGENHOLTZ, Appellant,**

v.

**Josephine Donna ESKENAZI, Appellee.**

**No. 08–15–00144–CV**

Court of Appeals of Texas, El Paso.

May 3, 2017

Frank O. Carroll III, for Stephen Aaron Bergenholtz.

Howard Shapiro, David F. Freudiger, for Josephine Donna Eskenazi.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

YVONNE T. RODRIGUEZ, Justice

Appellant, Stephen Aaron Bergenholtz, appeals from an order granting turnover relief and appointing a receiver. We affirm.

### FACTUAL SUMMARY

Stephen Aaron Bergenholtz and Josephine Donna Eskenazi divorced on October 20, 2009.[1] On that same date, the parties also entered into an agreement incident to divorce (AID) for the purpose of dividing the marital estate. Under the AID, Eskenazi was awarded $712,500, less certain offsets, and a secured promissory note in the

amount of $400,000 to be executed by Bergenholtz. Disputes regarding the property division continued to exist, and on July 14, 2011, the parties entered into a settlement agreement to resolve those disputes. The settlement agreement recites, in part, that:

> The $1,100,000.00 judgment rendered by the trial court in this proceeding pursuant to the Agreement Incident to Divorce (AID) by and through this agreement is reduced and settled in whole as follows:
>
> $750,000.00 if paid on or before December 31, 2011;
>
> $850,000.00 if paid after December 31, 2011 but before January 31, 2012;
>
> $950,000.00 if paid after January 31, 2012 but before February 28, 2012;
>
> $1,000,000.00 if paid after February 28, 2012 but before March 31, 2012;
>
> $1,100,000.00 after March 31, 2012 subject to any lawful offsets which amount includes the remaining balance of court-ordered payments totaling $55,000.00 which shall be paid by Stephen Bergenholtz to Josephine Eskenazi.

On June 3, 2014, Eskenazi filed a motion to reduce to judgment portions of the July 14, 2011 settlement agreement. According to the motion, the balance due on the judgment was $851,696.44. The trial court granted the motion, awarded Eskenazi judgment in the amount of $851,696.44, and ordered Bergenholtz to make full payment to Eskenazi on or before July 9, 2014. Bergenholtz did not appeal or pay the judgment, and Eskenazi filed a motion requesting the trial court to issue a show cause order. Her motion also included an application for a turnover order and for appointment of a receiver. On March 3,

---

1. The final decree of divorce is not included in the clerk's record, but the docket sheets, the pleadings of the parties, and the briefs filed on appeal indicate that the trial court entered an agreed final decree of divorce on October 20, 2009, and a modified final decree of divorce on January 19, 2010.

2015, the trial court entered an order finding that Eskenazi was entitled to turnover relief and it appointed a receiver, David F. Freudiger. Bergenholtz timely filed notice of appeal.

## VALIDITY OF THE JUNE 9, 2014 ORDER

Bergenholtz presents three issues challenging the June 9, 2014 order.

### Violation of the Stay

■ In Issue One, Bergenholtz argues that the June 9, 2014 order reducing the settlement agreement to judgment is void because it was entered while the case was stayed pursuant to Section 11.052 of the Civil Practice and Remedies Code. He reasons that the trial court erred by issuing the turnover order and appointing a receiver since the underlying order is void.

On May 13, 2014, Eskenazi filed a motion to declare Bergenholtz a vexatious litigant.[2] Section 11.052 of the Civil Practice and Remedies Code provides:

(a) On the filing of a motion under Section 11.051, the litigation is stayed and the moving defendant is not required to plead:

(1) if the motion is denied, before the 10th day after the date it is denied; or

(2) if the motion is granted, before the 10th day after the date the moving defendant receives written notice that the plaintiff has furnished the required security.

(b) On the filing of a motion under Section 11.051 on or after the date the trial starts, the litigation is stayed for a period the court determines.

TEX.CIV.PRAC. & REM.CODE ANN. § 11.052 (West 2017).

The record reflects that both parties filed pleadings seeking affirmative relief and vigorously litigated the case after Eskenazi filed the vexatious litigant motion.

Bergenholtz does not cite any case law in support of his argument that the June 9, 2014 is void because it violated the Section 11.052 stay and we are aware of none. In order to complain that the June 9, 2014 order violated the stay, Bergenholtz was required to have preserved this issue by presenting it to the trial court in a timely manner and obtaining an adverse ruling. *See* TEX.R.APP.P. 33.1; *Spiller v. Spiller*, 21 S.W.3d 451, 455 (Tex.App.–San Antonio 2000, no pet.)(even though case was stayed pursuant to Section 11.052, trial court did not err by proceeding with summary judgment hearing because plaintiff voluntarily responded to discovery and did not object prior to hearing based on the stay). The record does not reflect that Bergenholtz voiced any objection based on the stay in response to Eskenazi's motion to reduce the settlement agreement to judgment or at any time before the court entered the June 9, 2014 order. He raised the argument for the first time several months later, on February 6, 2015, when he filed his response to Eskenazi's application for issuance of turnover over and for appointment of receiver. Given that Bergenholtz disregarded the stay and sought affirmative relief from the trial court during the pendency of the stay, and he did not object based on the stay until long after the trial court entered the June 9, 2014 order, we decline to hold that the order is void. Issue One is overruled.

### Breach of Contract Remedy

■ In his second issue, Bergenholtz argues that the June 9, 2014 order is inval-

---

**2.** At an earlier point in the case, Eskenazi filed a motion to declare Bergenholtz a vexa-

tious litigant, but the trial court denied the motion.

id and unenforceable because the parties entered into a settlement agreement incident to their divorce, and the only remedy available to Eskenazi to enforce the settlement agreement is to file a claim for breach of contract. He cites *Ford Motor Company v. Castillo*, 279 S.W.3d 656 (Tex. 2009), *Padilla v. LaFrance*, 907 S.W.2d 454 (Tex. 1995), and *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656 (Tex. 1996) in support of his argument.

▬ Settlement agreements are governed by contract law. Tex.Civ.Prac. & Rem. Code Ann. § 154.071(a)(West 2011); *Lane–Valente Industries (Nat'l), Inc. v. J.P. Morgan Chase, N.A.*, 468 S.W.3d 200, 204 (Tex.App.–Houston [14th Dist.] 2015, no pet.); *Alcantar v. Oklahoma National Bank*, 47 S.W.3d 815, 819 (Tex.App.–Fort Worth 2001, no pet.). When the parties enter into a valid settlement agreement under Tex.R.Civ.P. 11, the trial court may render an agreed judgment based on the settlement agreement. *Padilla*, 907 S.W.2d at 461–62. The trial court may not render an agreed judgment on the settlement agreement when a party withdraws its consent before the judgment is rendered. *Padilla*, 907 S.W.2d at 461. In such a case, the court may enforce the settlement agreement as a written contract, but only after the party seeking enforcement pursues a breach-of-contract claim, following the normal rules of pleading and proof. *Mantas*, 925 S.W.2d at 658–59.

Bergenholtz opposed Eskenazi's motion asking the court to reduce the settlement agreement to judgment, but the record does not demonstrate that Bergenholtz withdrew his consent to the settlement agreement at any time *before* the trial court rendered the June 9, 2014 order which reduced the settlement agreement to judgment. He instead argued that the trial court lacked jurisdiction to render any orders related to the collection or enforcement of the division of assets because two appeals and a bill of review were then pending. Because Bergenholtz did not withdraw his consent to the settlement agreement, the trial court had authority to render an agreed judgment based on the settlement agreement. Issue Two is overruled.

## *Finality of the June 9, 2014 Order*

▬ In Issue Three, Bergenholtz contends that the June 9, 2014 order is not enforceable because it is not a final judgment. More specifically, he asserts that the order is not final because it does not contain a "Mother Hubbard" clause and does not dispose of his counterclaim. A judgment is final if it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties. *Bison Building Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). In this context, we determine whether a judgment is final by considering the judgment's language and the record in the case. *Lehmann*, 39 S.W.3d at 195.

Bergenholtz's brief does not identify his counterclaim, but we believe he is referring to his claim for offsets to the judgment. Citing Tex.R.Civ.P. 302, Bergenholtz asserts that he is entitled to a judgment against Eskenazi in an amount which exceeds the judgment awarded to her. The record before us does not include a transcription of the hearing on Eskenazi's motion to reduce the settlement agreement to judgment, but the trial court's order expressly finds that Bergenholtz is entitled to lawful credits or offsets in the total amount of $248,303.56. Thus, the trial court considered and ruled upon Bergenholtz's claim for offsets. After giving Ber-

genholtz credit for the offsets, the June 9, 2014 provides as follows:

IT IS THEREFORE ORDERED:

1. Josephine Bergenholtz Eskenzai [sic] is awarded Judgment in the amount of $851,696.44 together with post judgment interest at the rate allowed by law, for which let execution issue.

2. Stephen Aaron Bergenholtz is ORDERED to make full payment to Josephine Bergenholtz in the amount of $851,696.44 on or before July 9, 2014.

Bergenholtz did not take a direct appeal from the June 9, 2014 order. We conclude that the June 9, 2014 order is final and enforceable because it reduces the settlement agreement to judgment and disposes of Bergenholtz's claim for offsets. Issue Three is overruled.

## THE SUPPLEMENTAL BRIEFS

■ Bergenholtz has filed two supplemental briefs. In his first supplemental brief, Bergenholtz argues that the receivership order is void because the receiver, David Freudiger, is representing Eskenazi in this appeal. Bergenholtz contends that this violates Section 64.021 of the Civil Practice and Remedies Code. See TEX.CIV. PRAC. & REM.CODE ANN. § 64.021 (West 2008).

■ Under the turnover statute, a trial court is specifically authorized to appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment. TEX.CIV.PRAC. & REM.CODE ANN. § 31.002(b)(3)(West 2015). Eskenazi sought the appointment of a receiver pursuant to Section 31.002. The Dallas Court of Appeals has held that the requirements of Chapter 64 for the appointment of a receiver are inapplicable in a post-judg-

ment turnover proceeding. See Schultz v. Cadle Company, 825 S.W.2d 151, 154–55 (Tex.App.–Dallas 1992), writ denied, 852 S.W.2d 499 (Tex. 1993)(per curiam). In reaching this conclusion, the Court of Appeals noted that the turnover statute does not refer to the requirements of Chapter 64 or provide specific requirements for the appointment of a receiver. Schultz, 825 S.W.2d at 154–55. Because this is a transfer case, we are required to apply the precedent of the transferring court. See TEX.R.APP.P. 41.3. Under Schultz, Section 64.021's qualification requirements are inapplicable.

Even if Section 64.021's requirements apply, the record does not support Bergenholtz's claim that the order appointing the receiver is void. Section 64.021 provides:

(a) To be appointed as a receiver for property that is located entirely or partly in this state, a person must:

(1) be a citizen and qualified voter of this state at the time of appointment; and

(2) not be a party, attorney, or other person interested in the action for appointment of a receiver.

(b) The appointment of a receiver who is disqualified under Subsection (a)(1) is void as to property in this state.

(c) A receiver must maintain actual residence in this state during the receivership.

TEX.CIV.PRAC. & REM.CODE ANN. § 64.021 (West 2008).

Under Section 64.021, the appointment of a receiver is void only if the person appointed is disqualified under Subsection (a)(1). TEX.CIV.PRAC. & REM.CODE ANN. § 64.021(b). There is no evidence that the receiver was not a Texas citizen and qualified voter in the state at the time he was appointed. Consequently, Bergenholtz's ar-

gument that the appointment order is void is without merit. Bergenholtz's first supplemental issue is overruled.

In his second supplemental brief, Bergenholtz contends that the case has become moot because Eskenazi has unconditionally non-suited all claims against him. He further asserts that the June 9, 2014 order reducing the settlement agreement to judgment and the March 3, 2015 order granting the motion for turnover and appointing the receiver are void as a direct result of the non-suit. Eskenazi responds that she only non-suited those claims which she asserted in a Motion and Third Party Petition filed on August 17, 2016. The notice of non-suit reflects that it is brought by Eskenazi as "Applicant and Third–Party Plaintiff". The record does not support Bergenholtz's representation that Eskenazi non-suited all of her claims in the case, including her efforts made over the last several years to enforce the parties' settlement agreement. The issues raised in Bergenholtz's second supplemental brief are overruled. Having overruled each issue presented on appeal, we affirm the judgment of the trial court.

Hughes, J., not participating.

