

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00273-CV

John M. **DONOHUE**,
Appellant

v.

**BANDERA COUNTY LAW ENFORCEMENT PERSONNEL**: Daniel R. Butts, J.J.
Martinez, Gerald Johnson, Rod Chalmers, D.J. Nowlin, Ernest Ferniz, Luis Moreno, Kim
Manglberger, Chris Ahumada, Shane Merritt, Jose Hernandez, Matt Hernandez, Birdie Tyler;
Boerne Police Department Personnel: Pablo Morales; San Antonio Police Department Personnel:
Perla Dominguez and Kevin Nakata; Denice Martinez and Martha L. Donohue,
Appellees

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CV-15-0000271
Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Patricia O. Alvarez, Justice
               Beth Watkins, Justice

Delivered and Filed: January 8, 2020

AFFIRMED

John M. Donohue appeals the trial court's December 9, 2015 order declaring him a

vexatious litigant. Donohue contends the motion to declare him a vexatious litigant was not

properly filed, some of the defendants did not have standing to present evidence at the hearing on

the motion, and the evidence is insufficient to support the order. We affirm the trial court's order.

**BACKGROUND**

On July 31, 2015, Donohue filed a lawsuit against the appellees in the 198th Judicial District Court of Bandera County, Texas. In the lawsuit, Donohue alleged the appellees committed criminal acts and violated his rights under the Texas Constitution based on actions taken on various dates in August of 2013, including his arrest or attempted arrest on August 13, 2013. On August 13, 2013, Donohue's actions caused the officers to open fire on him which injured Donohue and damaged his truck.

On September 11, 2015, the Bandera County Law Enforcement Personnel defendants (the "Bandera County appellees") filed a plea to the jurisdiction asserting immunity from suit. On September 14, 2015, the Bandera County appellees filed a motion to declare Donohue a vexatious litigant, asserting Donohue had previously sued them for claims arising from the same set of facts in four district court cases and one county court case. On November 17, 2015, the trial court signed an order setting the Bandera County appellees' plea to the jurisdiction and motion to declare Donohue a vexatious litigant for a hearing to be held on December 9, 2015.

On December 1, 2015, Denise Martinez, a lawyer who was sued individually, filed a motion to join the Bandera County appellees' motion to declare Donohue a vexatious litigant. Also on December 1, 2015, the Boerne Police Department and Boerne Police Officer Pablo Morales (the "Boerne appellees") filed a plea to the jurisdiction asserting immunity from suit. The Boerne appellees' plea to the jurisdiction was also set for the December 9, 2015 hearing.

On December 4, 2015, the Bandera County appellees filed the affidavit of Sheriff Daniel R. Butts in support of their motion to declare Donohue a vexatious litigant. In the affidavit, Sheriff Butts states Donohue previously filed the following lawsuits:

1. Cause No. CV-14-0000180, filed on June 4, 2014, in the 198th Judicial District Court of Bandera County, Texas, alleging assault, aggravated assault and false imprisonment claims arising out of the personal injuries he suffered during his

August 13, 2013 arrest by the Bandera County law enforcement officials named in that lawsuit. The trial court granted the Bandera County defendants' plea to the jurisdiction, and the order dismissing the claims was affirmed by this court.[1]

2. Cause No. CV-14-0000239, filed on July 24, 2014, in the 198th Judicial District Court of Bandera County, Texas, asserting claims based on the Bandera County law enforcement officials named in that lawsuit firing shots at Donohue's truck during his August 13, 2013 arrest. The trial court granted the Bandera County defendants' plea to the jurisdiction, and the order dismissing the claims was affirmed by this court.[2]

3. Cause No. 2014-CI-09579, filed on June 16, 2015, in Bexar County, Texas alleging the Bandera County law enforcement officials named in that lawsuit conspired to commit and committed perjury by falsely testifying and presenting false documents during the sentencing phase of his criminal trial. The trial court granted the Bandera County defendants' plea to the jurisdiction, and Donohue appealed the order dismissing the claims.[3]

4. Cause No. 15-003-CCL, filed on August 4, 2015, in Kendall County, Texas, alleging claims against the Bandera County law enforcement officials named in that lawsuit arising from an attempted arrest of Donohue on August 9, 2013, for abuse of 911 calls. The trial court granted the Bandera County defendants' plea to the jurisdiction, and Donohue appealed the order dismissing the claims.[4]

5. The underlying lawsuit also alleging claims arising from Donohue's August 13, 2013, arrest.

The Bandera County appellees also filed a motion for the trial court to take judicial notice of the trial court's orders in the foregoing lawsuits.

On the same day Sheriff Butts's affidavit was filed, the affidavit of the attorney representing the San Antonio Police Department personnel (the "San Antonio appellees") was also

---

[1] *Donohue v. Butts*, No. 04-14-00674-CV, 2015 WL 4759896 (Tex. App.—San Antonio Aug. 12, 2015, no pet.) (mem. op.).
[2] *Donohue v. Bandera Cty. Sheriff's Dep't*, No. 04-14-00675-CV, 2015 WL 4759931 (Tex. App.—San Antonio Aug. 12, 2015, no pet.) (mem. op.).
[3] This court affirmed the trial court's order on January 25, 2017. *Donohue v. Butts*, 516 S.W.3d 578 (Tex. App.—San Antonio 2017, no pet.).
[4] This court affirmed the order dismissing the claims against the Bandera County defendants on December 7, 2016. *Donohue v. Hernandez*, No. 04-15-00695-CV, 2016 WL 7119049 (Tex. App.—San Antonio Dec. 7, 2016, no pet.) (mem. op.). This court also affirmed the trial court's order dismissing claims against Boerne law enforcement officials in the same lawsuit on March 8, 2017. *Donohue v. Koehler*, No. 04-16-00190-CV, 2017 WL 943427 (Tex. App.—San Antonio Mar. 8, 2017, no pet.) (mem. op.).

filed which stated Donohue previously filed a lawsuit against the San Antonio appellees on August 7, 2014, in cause number 2014-CI-12457, in the 57th Judicial District Court of Bexar County, Texas. The trial court granted the San Antonio appellees' motion to dismiss. At the time the affidavit was filed, an appeal of the trial court's order was pending in this court.[5]

Finally, Martinez filed an affidavit stating she represented Donohue's ex-wife in a divorce proceeding, and, despite agreeing to the divorce, Donohue appealed the divorce decree. The appeal was dismissed for want of jurisdiction.[6] Martinez noted she also was sued in the Kendall County lawsuit referenced in Sheriff Butts's affidavit and in the underlying lawsuit.

On December 9, 2015, the trial court conducted a hearing on the pleas to the jurisdiction and the motion to declare Donohue a vexatious litigant. The trial court verbally granted the pleas to the jurisdiction and then considered the motion to declare Donohue a vexatious litigant.[7] The affidavits of Sheriff Butts, Martinez, and the San Antonio appellees' attorney were admitted as evidence, and Martinez testified regarding the litigation against her and her client. After hearing the arguments, the trial court verbally granted the motion to declare Donohue a vexatious litigant. At the conclusion of the hearing, the trial court signed orders based on its verbal rulings. The order declaring Donohue a vexatious litigant became final when the trial court signed an order

---

[5] The order was subsequently affirmed on January 13, 2016. *Donohue v. Dominguez*, 486 S.W.3d 50 (Tex. App.—San Antonio 2016, pet. denied).

[6] *Donohue v. Donohue*, No. 04-14-00265-CV, 2014 WL 3745413 (Tex. App.—San Antonio July 30, 2014, no pet.) (mem. op.).

[7] In his reply brief, Donohue appears to contend the trial court violated the stay imposed by section 11.052 of the Texas Civil Practice and Remedies Code when it ruled on the pleas to the jurisdiction before ruling on the motion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.052. Although Donohue referred to the stay imposed by section 11.052 at the hearing, Donohue did not make a sufficiently specific objection that hearing the pleas to the jurisdiction before the motion to declare him a vexatious litigant was a violation of the stay; therefore, such a complaint was not preserved for our review. *Bergenholtz v. Eskenazi*, 521 S.W.3d 397, 400 (Tex. App.—El Paso 2017, pet. denied) (citing *Spiller v. Spiller*, 21 S.W.3d 451, 455 (Tex. App.—San Antonio 2000, no pet.)); TEX. R. APP. P. 33.1(a)(1)(A). In addition, any effect a violation of the stay had on the trial court's orders granting the pleas to the jurisdiction is not before us in this appeal because the scope of the appeal is limited to the order declaring Donohue a vexatious litigant. *But see Bergenholtz*, 521 S.W.3d at 400 (rejecting argument that order entered in violation of stay was void because no precedent supported the argument).

dismissing the remainder of the underlying cause for want of prosecution on February 12, 2019.[8]

Donohue timely appealed.[9]

## SUFFICIENCY OF MOTION

In his first issue, Donohue contends the Bandera County appellees' motion to declare him a vexatious litigant was improper because it did not refer to section 11.051 of the Texas Civil Practice and Remedies Code ("Code").

"Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). A motion "must be read in its entirety to determine if it provides fair notice of the grounds on which the motion is based." *Transworld Leasing Corp. v. Wells Fargo Auto Fin., LLC*, No. 04-12-00036-CV, 2012 WL 4578591, at *2 (Tex. App.—San Antonio Oct. 3, 2012, pet. denied) (mem. op.).

Section 11.051 of the Code allows a defendant to move the trial court for an order: "(1) determining that the plaintiff is a vexatious litigant; and (2) requiring the plaintiff to furnish security." TEX. CIV. PRAC. & REM. CODE ANN. § 11.051. In this case, the Bandera County appellees' motion is labeled "Defendants' Motion to Declare Plaintiff a Vexatious Litigant." Although the motion does not refer to section 11.051, the motion requests the trial court to declare Donohue a vexatious litigant and to require Donohue to post security. The motion expressly refers to the requirements set forth in section 11.054 of the Code which must be shown to have a plaintiff

---

[8] "There is no interlocutory appeal available from an order declaring a plaintiff to be a vexatious litigant and requiring him to furnish security." *Hollis v. Acclaim Physician Group, Inc.*, No. 02-19-00062-CV, 2019 WL 3334617, at *2 (Tex. App.—Fort Worth July 25, 2019, no pet.) (mem. op.) (internal quotation marks omitted) (citing several cases from other appellate courts).

[9] By order dated May 14, 2019, this court limited the scope of Donohue's appeal to the order declaring him to be a vexatious litigant.

declared a vexatious litigant. *Id*. § 11.054. Finally, the motion refers to the remedies provided in sections 11.055, 11.057, and 11.101 of the Code in the event the trial court declared Donohue a vexatious litigant. *Id*. §§ 11.055, 11.057, 11.101. Accordingly, because the motion provided fair notice that the Bandera County appellees were seeking to have Donohue declared a vexatious litigant, Donohue's first issue is overruled.

## STANDING

In his second issue, Donohue contends the trial court erred in allowing the Bandera County appellees to present evidence and argument at the portion of the hearing on the motion to declare him a vexatious litigant because the trial court previously granted their plea to the jurisdiction. First, Donohue's contention ignores the trial court set a contemporaneous hearing on both the pleas to the jurisdiction and the motion to declare Donohue a vexatious litigant. Although the trial court announced its ruling on the pleas to the jurisdiction before announcing its ruling on the motion to declare Donohue a vexatious litigant, the trial court's verbal rulings on the pleas to the jurisdiction were interlocutory, and no order was signed until the conclusion of the hearing. Second, Donohue's contention ignores that Martinez joined in the motion to declare Donohue a vexatious litigant, and she also presented evidence in support of the trial court's ruling. Finally, the ongoing nature of the litigation Donohue pursued against the Bandera County appellees demonstrated that a real controversy continued to exist between the parties regarding Donohue's ability to continue filing lawsuits arising out of the same facts. *See Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018) (noting standing doctrine requires "a real controversy between the parties that will be resolved by the court"). Donohue's second issue is overruled.

## SUFFICIENCY OF THE EVIDENCE

In his third issue, Donohue argues the evidence is insufficient to support the findings required by section 11.054 of the Code. Specifically, Donohue argues only two cases referenced

in the affidavits admitted into evidence were final as of the date of the Bandera County appellees' motion.

"We review the trial court's ultimate determination that a person is a vexatious litigant under an abuse of discretion standard." *Bierwirth v. Rio Rancho Properties*, LLC, No. 03-17-00733-CV, 2018 WL 4610447, at *2 (Tex. App.—Austin Sept. 25, 2018, no pet.) (mem. op.). "However, because section 11.054 requires a trial court to make certain evidentiary findings before it may exercise its discretion to declare a party a vexatious litigant, we also review those prescribed statutory evidentiary findings for legal and factual sufficiency." *Id*. "In reviewing a legal sufficiency challenge, the challenge fails if there is more than a scintilla of evidence to support the finding." *Id*. "When a party attacks the factual sufficiency of an adverse finding on which he does not have the burden of proof, we set aside the finding only if the evidence is so weak as to make the finding clearly wrong and manifestly unjust." *Id*.

Section 11.054 of the Code permits a trial court to find a plaintiff to be a vexatious litigant if the defendant shows "there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant" and one other requirement under either section 11.054(1) or section 11.054(2) is met.[10] TEX. CIV. PRAC. & REM. CODE ANN. § 11.054. In his brief, Donohue argues the evidence is insufficient to support the trial court's finding under section 11.054(1) because only two of the cases he previously filed were finally determined adversely to him and section 11.054(1) requires a finding that five litigations have been commenced, prosecuted, or maintained in the seven-year-period preceding the date of the defendant's motion and have been finally determined adversely to the plaintiff. *See id*. § 11.054(1). As the appellees note in their

---

[10] Donohue alludes to the first requirement in his brief. Although it is unclear whether Donohue challenges the sufficiency of the evidence to support the first requirement, the evidence of the dismissals of the prior lawsuits is sufficient evidence to support a finding that no reasonable probability existed that Donohue would prevail in the underlying litigation.

brief, however, the trial court can also find a plaintiff to be a vexatious litigant if the trial court finds a litigation has been finally determined against the plaintiff and the plaintiff repeatedly relitigates or attempts to relitigate the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined. *Id*. § 11.054(2)(B). Donohue's brief does not challenge the trial court's finding under section 11.054(2)(B). Even if he had challenged the finding, the evidence presented at the hearing was sufficient to support that finding. Accordingly, the trial court did not abuse its discretion in declaring Donohue to be a vexatious litigant. Donohue's final issue is overruled.

## CONCLUSION

The trial court's order declaring Donohue to be a vexatious litigant is affirmed.

Sandee Bryan Marion, Chief Justice