**AFFIRMED and Opinion Filed December 1, 2022**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00840-CV

**STAMATINA HOLDINGS, LLC AND ANGELOS KOLOBOTOS, Appellant**
**V.**
**CITY OF DALLAS AND ANDREW GILBERT, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-02839**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Wright[1]
Opinion by Justice Garcia

Angelos Kolobotos appeals the trial court's determination that he is a vexatious litigant and final judgment granting the City of Dallas's motion to dismiss.[2] In three issues he argues the trial court erroneously (i) declared him a vexatious litigant; (ii) considered the motion to dismiss in violation of the automatic

---

[1] The Hon. Carolyn Wright, Ret. Chief Justice, Assigned.

[2] The notice of appeal was filed on behalf of both Kolobotos and Stamatina Holdings, LLC ("Stamatina"), but Stamatina is not a party to the orders appealed from. The trial court struck claims Kolobotos asserted on Stamatina's behalf due to Kolobotos's unauthorized practice of law. Therefore, Stamatina does not have standing to appeal. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000).

stay; and (iii) granted the City's Rule 91a motion to dismiss. Concluding Kolobotos's arguments are without merit, we affirm.

## I. Background

In March 2021, Kolobotos, appearing pro se, initiated this takings claim suit against the Assistant City Manager and the City of Dallas based on the demolition of property at 5027 Colonial Ave. Kolobotos amended the petition twice and asserted claims on behalf of others before the City's deadline to answer.

In April 2021, the City filed a motion to strike based on Kolobotos's unauthorized practice of law, a motion to declare Kolobotos a vexatious litigant, and a Rule 91a motion to dismiss. The vexatious litigant motion did not request that the litigation be stayed or that Kolobotos be ordered to post security. Kolobotos amended his petition twice more.

The City amended its Rule 91a motion on May 3 to address the then-operative fifth amended petition. Kolobotos filed a sixth amended petition three days later, and a seventh amended petition shortly thereafter.

A hearing on the City's motions was set for May 24. Prior to the hearing, the City supplemented its vexatious litigant motion and motion to strike and amended its Rule 91a motion. Kolobotos filed his eighth amended petition the day before the hearing.

The eighth amended petition was not considered at the hearing because, as the City argued and the court found, the eight amended petition was not timely filed. *See*

–2–

TEX. R. CIV. P. 91a (5). Accordingly, the motions were considered based on Kolobotos's seventh amended petition.

The court entered an order granting the City's motion to strike on the day of the hearing. The order struck claims filed by Kolobotos on behalf of all plaintiffs other than himself. The court also entered an order declaring Kolobotos a vexatious litigant. The order did not stay the litigation or require that Kolobotos post a bond.

Nine days later, the court entered an order granting the City's motion to dismiss. Kolobotos moved for a new trial based on all three orders and the City moved for entry of final judgment. Counsel appeared on behalf of Kolobotos.[3] Following a hearing on the City's motion, the court entered a final judgment dismissing "all claims that were properly before the court." This timely appeal followed.[4]

## II. Analysis

**Vexatious Litigant**

Kolobotos's first two issues argue the trial court erred in declaring him a vexatious litigant because the court's findings do not comport with the statute, the court considered the motion to dismiss in violation of the automatic stay, and the vexatious litigant statute contravenes public policy.

---

[3] Counsel continued to represent Kolobotos for briefing in this appeal. We granted counsel's unopposed motion to withdraw shortly before submission.

[4] The notice of appeal states that appeal is taken from all three orders but the briefing addresses only the vexatious litigant motion and the motion to dismiss. Our review is limited accordingly.

We review a trial court's order determining a litigant is vexatious for an abuse of discretion. *Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App.—Dallas 2006, no pet.). Under this standard, we may not substitute our judgment for the judgment of the trial court. *Id.* A trial court abuses its discretion if it acts in an arbitrary or capricious manner without reference to any guiding rules or principles. *See Drum v. Calhoun*, 299 S.W.3d 360, 364 (Tex. App.—Dallas 2009, pet. denied).

In Chapter 11, "the legislature struck a balance between Texans' right of access to their courts and the public interest in protecting defendants from those who abuse our civil justice system." *Leonard v. Abbott*, 171 S.W.3d 451, 455 (Tex. App.—Austin 2005, pet. denied). The statute provides that a defendant in "a litigation in this state" may move for an order determining that the plaintiff is a vexatious litigant. TEX. CIV. PRAC. & REM. CODE ANN. § 11.051.

The City's motion is based on §11.054(2) of the statute, which provides that a court may find a plaintiff a vexatious litigant if a defendant shows there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:

> after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:
>
> (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or
>
> (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined.

TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(2).

The record reflects that Kolobotos amended his petition eight times, and seven of those petitions were deemed properly before the court at the hearing.[5] Three of the amended petitions attempted to relitigate claims or controversies relating to the demolition of structures on Hooper Street, Stoneman Street, and Marburg Street. Specifically, before this suit was filed, the City obtained municipal court orders for the demolition of these structures and those decisions became final when they were not timely appealed. *See* TEX. LOC. GOV'T CODE ANN. § 214.0012.

Seventy days after the deadline to appeal the demolition orders, Kolobotos initiated an action in cause number DC-20-02502 seeking judicial review under §214.0012 and claiming that the demolition orders constituted a taking under the Texas and U.S. Constitutions. The City filed a plea to the jurisdiction that was granted, and that decision was not appealed.

Eight months later, Kolobotos filed his second amended petition in this case, DC-21-2839, related to the demolition of the Stoneman Street structure. His fourth amended petition complains about the Hooper Street demolition. And his fifth amended petition relates to the demolition of the structure at Marburg Street.

The Court's order stated:

---

[5] The eighth amended petition accuses the City of criminal harassment for calling Kolobotos to confer for a certificate of conference on the motions. Kolobotos does not specifically argue that the eighth amended petition was timely or otherwise should have been considered.

1. There is no reasonable probability that plaintiffs will prevail in this litigation.

2. Prior litigation between plaintiff Angelos Kolobotos and the City of Dallas has been finally determined against plaintiff, significantly for the purposes of the motion in this cause No. DC-20-02502; and

3. Plaintiff Angelos Kolobotos attempted to relitigate the same cause of action that was finally determined in cause No. DC-20-02502 in this litigation.

We begin with Kolobotos's argument that the trial court failed to comply with the statute. Kolobotos contends that the portion of the court's order stating, "[t]here is no reasonable probability that plaintiffs will prevail in *this* litigation" (emphasis added) fails to specify the litigation in which he is unlikely to succeed.

The record does not reflect that Kolobotos raised this alleged ambiguity in the court below. *See* TEX. R. APP. P. 33.1. Moreover, the antecedent for "this" is apparent on the face of the order. The order includes the case caption and cause number of the only case under consideration—the case in which the court concluded Kolobotos was unlikely to prevail. The statute requires only that "the court find that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant." The order complies with this requirement.

Similarly, Kolobotos argues that while the court identifies Cause No. DC-20-0252 as a matter that was finally determined, the court fails to find that this matter meets the criteria of the vexatious litigant statute. We disagree. The order clearly states that Kolobotos attempted to relitigate that which was finally determined in

Cause No. DC-20-02502 as required by the statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(2).

Kolobotos also argues that he was confused about the distinction between amended and supplemental pleadings and was not afforded the opportunity to replead. But he fails to explain how such confusion or a potential amendment forecloses the court's conclusion that he is a vexatious litigant.

Kolobotos further argues that once the court granted the vexatious litigant motion, the court was required to order that he post security and stay the litigation until he had the opportunity to do so. Because no security was ordered and the case was not stayed, Kolobotos contends the court could not properly consider the motion to dismiss.

This argument was not raised in the court below. *See* TEX. R. APP. P. 33.1(a)(1)(A). After arguments concluded on the vexatious litigant motion and the court turned to arguments on the motion to dismiss, Kolobotos did not object or otherwise argue that the litigation was stayed, and the dismissal motion should not be heard. The vexatious litigant order was entered nine days before the order granting the motion to dismiss, but appellant did not raise the issue of security or the stay during the interim, and the argument was not raised in the motion for new trial. Consequently, the argument was not preserved for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Donohue v. Bandera Cnty. Law Enforcement Pers.*, No. 04-19-00273-CV, 2020 WL 86223, at *2 n.7 (Tex. App.—San Antonio, Jan. 8, 2020, no pet.)

–7–

(mem. op.); *Bergenholtz v. Eskenazi,* 521 S.W.3d 397, 400 (Tex. App.—El Paso 2017, pet. denied).

Likewise, Kolobotos raises his public policy argument for the first time on appeal. Specifically, he asserts that chapter 11 contravenes public policy because it violates the open courts doctrine in the Texas constitution. Even if the issue had been preserved for our review, our court and several others have previously considered and rejected this argument. *See Cooper v. McNulty*, No. 05-15-00801-CV, 2016 WL 6093999, at *4 (Tex. App.—Dallas Oct. 19, 2016, no pet.) (mem. op.); *see also Retzlaff v. Go America Commc'ns Corp*., 356 S.W.3d 689, 702 (Tex. App.—El Paso 2011, no pet.) (observing that there is no constitutional right to frivolous litigation).

The record does not reflect that the trial court's vexatious litigant order was erroneous. We therefore resolve Kolobotos's first two issues against him.

**The Motion to Dismiss**

Kolobotos's sole basis for challenging the trial court's ruling on the motion to dismiss is that the court only considered the seventh amended petition at the time of the hearing. He maintains that because he is not an attorney, the trial court should have liberally construed his amended petitions as supplemental petitions.

Courts often find themselves extending pro se litigants greater latitude than that extended to licensed attorneys. *See, e.g.*, *In re N.E.B*., 215 S.W.3d 211, 211 (Tex. App.—Dallas 2008, no pet.) (noting the liberal construction granted pro se pleadings and briefs). Yet, leeway is not exemption. *See Faretta v. California*, 422

U.S. 806, 834 n. 46 (1975) (the right of self-representation is not a license for noncompliance with the relevant rules of procedural and substantive law). As stated by the Texas Supreme Court:

> There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.

*Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex.1978). Moreover, the rules are readily accessible and their observance, at the very least, helps to clarify the issues involved, expedite resolution of the dispute, and assure accurate decision making and fairness. TEX. R. CIV. P. 1.

Even if the trial court construed the pleadings liberally, there is no basis for concluding that the amended petitions operate as a supplement. *See* TEX. R. CIV. P. 62 (distinguishing amended pleadings from supplemental); TEX. R. CIV. P. 65 (providing that substituted pleading supersedes the original). As Kolobotos suggests, we look to the substance of a plea to determine the nature of the pleading rather than the title it is assigned. *State Bar v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980). The substance of the pleadings here demonstrate that Kolobotos is asserting entirely different claims related to different properties, and five of the petitions purport to add new plaintiffs.

Specifically, while the first two amended petitions might be viewed as supplemental because they reference "adding" an additional property, the remaining

petitions plead entirely different claims on behalf of different parties.[6] Moreover, Kolobotos offers no argument or explanation as to how consideration of all petitions as supplemental demonstrates that the claims should not be dismissed under Rule 91a. *See* TEX. R. CIV. P. 91a; *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020) (explaining application of rule 91a).

In addition, Kolobotos's professed confusion about the distinction between amended and supplemental pleadings is unpersuasive in light of the City's filings preceding his amendments. The City's motion to dismiss and vexatious litigant motions, filed seven weeks before the hearing, argued the applicable rules and pointed out that each amended pleading should be treated as superseding and replacing any prior pleading. Nonetheless, Kolobotos continued to file pleadings entitled "amended petition," and made no attempt to replead any claims that had been dropped by subsequent amendments.[7]

---

[6] The original petition asserts "illegal taking of property and inverse condemnation" in connection with the Colonial Ave. property. The third amended petition complains about an agreed order regarding the Hector Street property but fails to specify what claims are alleged. The fourth amended petition purports to add two plaintiffs and complains about the demolition of a structure on Hooper Street but does not specify the claims. The fifth amended petition purports to add two more plaintiffs asserting unspecified claims in connection with the demolition of a structure on Marburg Street. The sixth amended petition adds another plaintiff and complains about the demolition of an eight-unit structure at an unspecified address.

[7] Kolobotos also refers to misnomer. *See* TEX. R. CIV. P. 71. Misnomer occurs when a party misnames itself or another party but the correct parties are involved in the case. *Ensearch Corp. v. Parker*, 794 S.W.2d 2, 4 (Tex. 1990). Kolobotos fails to identify which parties were incorrectly named or how this is relevant to the dismissal analysis.

Kolobotos's seventh amended petition purports to add an additional plaintiff and complains about the criminal act of witness tampering. The petition does not seek any civil remedies but instead, references state and federal criminal penalties. Kolobotos advances no argument as to why this petition should not have been dismissed as having no basis in fact or law. *See* TEX. R. CIV. P. 91a.

On this record, we conclude the trial court did not err by granting the City's motion to dismiss. Kolobotos's third issue is resolved against him.

Having resolved all of Kolobotos's issues against him, we affirm the trial court's judgment.


/Dennise Garcia/
DENNISE GARCIA
JUSTICE


210840F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

STAMATINA HOLDINGS, LLC
AND ANGELOS KOLOBOTOS,
Appellant

No. 05-21-00840-CV          V.

CITY OF DALLAS AND ANDREW
GILBERT, Appellee

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-02839.
Opinion delivered by Justice Garcia.
Justices Carlyle and Wright
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered December 1, 2022.