Kenneth L. **HARRIS, Appellant**

v.

Martin E. **ROSE, Appellee.**

No. 05–05–01650–CV.

Court of Appeals of Texas, Dallas.

Nov. 8, 2006.

Kenneth L. Harris, Dallas, pro se.

Leane C. Medford, Michael D. Richardson, Steven Dominic Sanfelippo, Rose-Walker, LLP, Dallas, for Appellee.

Before Justices MORRIS, WHITTINGTON, RICHTER.

## OPINION

Opinion by Justice RICHTER.

This is a vexatious litigant case. Harris, appearing pro se, asserts that the trial court erred when it dismissed his claims with prejudice after he failed to comply with the court's order declaring him a vexatious litigant. We affirm the judgment of the trial court.

### Background.

Harris is no stranger to litigation. In the past fifteen years, he has filed thirty pro se lawsuits in Dallas county, and has been held in contempt of court twelve times. Neither court orders nor injunctions seem to dissuade Harris from filing lawsuits. When the Unauthorized Practice of Law Committee obtained a permanent injunction prohibiting Harris from engaging in the unauthorized practice of law, Harris violated the injunction and continued to file lawsuits. Five of Harris' lawsuits have been dismissed with prejudice since 2002.

Harris' suit against the law firm Rose-Walker, L.L.P. alleging assault and race harassment was one of the cases that was dismissed. The suit was based on injuries allegedly sustained when Harris was staging a one-man protest in the West End, and an unidentified individual threw a pitcher of clear liquid out of the window of an office building onto Harris' head. Har-

ris occasionally describes the clear liquid as water. The case was dismissed with prejudice in October 2004. Undeterred, Harris filed the same suit again in March 2005, substituting the individual defendant Martin Rose for the Rose law firm. In both lawsuits, Harris demanded one million dollars in non-economic damages for anxiety, itchy skin, undo nervousness, and severe headaches. Rose responded by filing a motion to declare Harris a vexatious litigant, and requested that the court require Harris to furnish security to assure payment for attorney's fees and expenses. Following an evidentiary hearing, the court signed an order finding that Harris was a vexatious litigant and requiring Harris to furnish security either in the form of cash or surety bond within thirty days of the entry of the order. When Harris failed to furnish the required security, the court dismissed the case with prejudice.

### Standard of Review.

 We review the trial court's determination that Harris was a vexatious litigant under an abuse of discretion standard. *Nell Nations Forist v. Vanguard Underwriters Ins., Co.*, 141 S.W.3d 668, 670 (Tex.App.-San Antonio 2004, pet. denied); *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796 (Tex.App.-Dallas 2006, pet.denied). On an abuse of discretion challenge, we are not free to substitute our own judgment for the trial court's judgment. *Bowie Memorial Hospital v. Wright*, 79 S.W.3d 48, 52 (Tex.2002). We can only find an abuse of discretion if the trial court "acts in an arbitrary or capricious manner without reference to any guiding rules or principles." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex.1998). The court's decision must be "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *BMC Soft-*

*ware Belg. N.V. v. Marchand*, 83 S.W.3d 789, 801 (Tex.2002). Applying these principles, we must determine whether the trial court's application of the vexatious litigant statute constitutes an abuse of discretion.

### The Vexatious Litigant Statute.

Texas jurisprudence provides a mechanism for the restriction of frivolous and vexatious litigation. *See* TEX. CIV. PRAC. & REM.CODE § 11.051 et seq. (Vernon 2006). When Chapter 11 was enacted, the legislature was seeking to "strike a balance between Texans' rights to access their own courts and the public interest in protecting defendants from those who abuse our civil justice system." *Leonard v. Abbott*, 171 S.W.3d 451, 455 (Tex.App.-Austin 2005, pet.denied); *Willms*, 190 S.W.3d at 804. Under this chapter, the court may find that a plaintiff is a vexatious litigant if the defendant shows that there is a reasonable probability that the plaintiff will not prevail in the litigation, and plaintiff, acting pro se, has prosecuted, maintained, or commenced at least five other litigations that have been determined adversely to him within the seven year period preceding the motion. TEX. CIV. PRAC. & REM.CODE ANN. § 11.054 (Vernon 2006).

 Based upon our review of the record, we cannot conclude that the trial court abused its discretion when it found that Harris was a vexatious litigant who was not likely to prevail in the litigation. Harris did not identify Rose as the person who allegedly threw the water until after his first lawsuit was dismissed and he reviewed the law firm's web site. The evidence also showed that Rose was not in the office at the time of the incident. The police report Harris filed stated that the water was thrown from a third floor win-

dow. The Rose law firm is on the second floor of the building. Photographs depicting the physical location of the building and the windows relative to where Harris stood on the sidewalk below established that it was not possible to identify an individual standing in front of a second floor window from the street below unless the individual actually leaned out of the window. The lawsuit and the police report, however, do not claim that anyone leaned out of the window.

Harris contends that he suffered a variety of physical ailments as a consequence of having the water thrown on his head, including headaches, itchy skin, nervousness, and anxiety. Nonetheless, he never sought treatment by any health care or mental health professionals, and offered no evidence of these alleged damages. In his responses to interrogatories, Harris states that the amount of damages he is seeking is "negotiable."

In addition to the cause of action for assault, Harris also asserted a claim for racial harassment. Despite the allegation, Harris offered no legal or factual basis for the assertion of this claim. Finding no abuse of discretion, we resolve Harris' issue against him.

Harris also appears to argue that the trial court misapplied the law and disregarded the evidence. To the extent that Harris is attempting to raise legal and factual sufficiency issues or any other issues, we conclude that the issues are inadequately briefed, and are therefore waived. See TEX R.APP. P. 38.1(f); *G.R.A.V.I.T.Y. Enters., Inc. v. Reece Supply Co.*, 177 S.W.3d 537, 544 (Tex.App.-Dallas 2005, no pet.). The judgment of the trial court is affirmed.