In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00385-CV


____________________



ROBBIE LYNN NEWBY a.k.a. ROB L. NEWBY, Appellant



V.



NATHANIEL QUARTERMAN, JAMES R. CUNNINGHAM,


VICKIE BARROW, Appellees






On Appeal from the 1-A District Court


Tyler County, Texas


Trial Cause No. 20,645






MEMORANDUM OPINION


 In September 2007, Robbie Lynn Newby filed an application, in forma pauperis,
under Chapter 65 of the Texas Civil Practice and Remedies Code requesting a writ of
injunction seeking to restrain appellees from refusing to permit inmate-to-inmate
correspondence between Newby and other inmates of the Texas Department of Criminal
Justice, Correctional Institutions Division ("TDCJ-CID") whom he alleges are witnesses in
his pending action in Newby v. Pate (1), as well as intended co-plaintiffs in a class action suit
Newby alleges he was developing with such inmates prior to his transfer to another unit. 
Newby's writ application does not indicate the basis of the class action lawsuit he alleges was
being developed. 

 Appellees answered Newby's application for writ of injunction and filed a motion to
declare Newby a vexatious litigant, pursuant to section 11.054 of the Texas Civil Practice
and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 11.054 (Vernon 2002). In
their motion, appellees argued (1) there was no reasonable probability that Newby would
prevail on his claims and (2) that Newby had extensive previous unsuccessful lawsuits. 
Appellees characterized Newby's claims as claims for "interference with access to courts
through his right to petition for denying him the right to conduct inmate-to-inmate
correspondence with alleged eye-witnesses and/or co-plaintiffs to another suit he has
pending." Appellees argued that Newby could not reasonably prevail on his claims because
a violation of the right of access to courts is only recognized where an inmate can
demonstrate actual harm, specifically, "some hindrance to the inmate's effort to pursue a
legal claim." Appellees asserted that Newby failed to establish that the inmates he sought
to correspond with were either witnesses in his pending litigation or co-parties to currently
active litigation, therefore, there was no merit to Newby's denial of access to court claims,
as asserted in his writ application. Appellees rely upon Newby's affidavit of previous filings,
filed with his original complaint in Newby v. Pate, which listed six cases filed by Newby that
had been dismissed. Newby responded to the motion arguing that he was not a vexatious
litigant. Thereafter, appellees supplemented their motion alleging that Newby had previously
been declared a vexatious litigant in Tyler County, Texas. 

 After a hearing on appellees' motion, the court declared Newby to be a vexatious
litigant and ordered him to post a $2,000 bond within the time set by the order, or the cause
would be dismissed. Newby failed to post the required bond, and on July 29, 2008, Newby
was informed by the court that the case had been dismissed. Newby filed a notice of appeal. 
The court entered its dismissal order on August 22, 2008. This appeal followed. 

Appellant's Issue


 Appellant argues in a single issue that the trial court erred in dismissing his injunction
suit for failure to post a vexatious litigant bond because the court abused its discretion by
granting appellees' motion to declare appellant a vexatious litigant. 

 Chapter 11 of the Texas Civil Practice and Remedies Code provides a mechanism for
restricting frivolous and vexatious litigation. See Tex. Civ. Prac. & Rem. Code Ann. §§
11.001-.104 (Vernon 2002). When Chapter 11 was enacted, the legislature sought to strike
a balance between a citizen's right of access to courts and the public interest in protecting
defendants from those who abuse the civil justice system by systematically filing lawsuits
with little or no merit. Leonard v. Abbott, 171 S.W.3d 451, 455 (Tex. App.--Austin 2005,
pet. denied); see also Harris v. Rose, 204 S.W.3d 903, 905 (Tex. App.--Dallas 2006, no pet.);
Willms v. Americas Tire Co., 190 S.W.3d 796, 804 (Tex. App.--Dallas 2006, pet. denied). 

 The trial court's determination that appellant is a vexatious litigant is reviewed under
an abuse of discretion standard. Douglas v. Am. Title Co., 196 S.W.3d 876, 879 (Tex. App.--Houston [1st Dist.] 2006, no pet.). "The trial court abuses its discretion by acting arbitrarily,
unreasonably, or without consideration of guiding principles." Id. When the trial court
makes no formal findings of fact or conclusions of law (as is the case here), we must presume
the trial court made all findings necessary to support its judgment. See Worford v. Stamper,
801 S.W.2d 108, 109 (Tex. 1990). In such situations, the trial court's ruling must not be
disturbed if "it can be upheld on any legal theory that finds support in the evidence." Id.; see
also In re Brookshire Bros., Ltd., 198 S.W.3d 381, 387 (Tex. App.--Texarkana 2006, orig.
proceeding [mand. denied]) (holding where a trial court enters no written findings,
mandamus court must uphold trial court on any legal theory finding support in evidence).

 In order for a court to find a plaintiff a vexatious litigant, the defendant must first
show that there is no reasonable probability that the plaintiff will prevail in the litigation
against the defendant. Tex. Civ. Prac. & Rem. Code Ann. § 11.054. In addition, the
defendant must also prove one of the following:

 (1) the plaintiff, in the seven-year period immediately preceding the
date the defendant makes the motion under Section 11.051, has
commenced, prosecuted, or maintained in propria persona at least five
litigations other than in small claims court that have been:


 (A) finally determined adversely to the plaintiff;


 (B) permitted to remain pending at least two years without
having been brought to trial or hearing; or


 (C) determined by a trial or appellate court to be frivolous or
groundless under state or federal laws or rules of procedure;


 (2) after a litigation has been finally determined against the plaintiff,
the plaintiff repeatedly relitigates or attempts to relitigate, in propria
persona, either:


 (A) the validity of the determination against the same defendant
as to whom the litigation was finally determined; or 


 (B) the cause of action, claim, controversy, or any of the issues
of fact or law determined or concluded by the final
determination against the same defendant as to whom the
litigation was finally determined; or 


 (3) the plaintiff has previously been declared to be a vexatious litigant
by a state or federal court in an action or proceeding based on the same
or substantially similar facts, transition, or occurrence.


Id. § 11.054 (1)-(3).


 On appeal, Newby argues that the trial court abused its discretion in declaring plaintiff
a vexatious litigant because (1) appellees failed to show that there was not a reasonable
probability that Newby would prevail in his litigation, and (2) that none of the remaining
criteria of section 11.054 were met. 

Reasonable Probability that Newby will Prevail in his Injunction Suit


 Newby argues that appellees incorrectly asserted that the underlying cause of action
was an access to courts claim, subject to the actual harm requirement under Lewis v. Casey, 
518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Newby contends that while his
action sought an injunction for the purpose of securing his right of access to courts, it was
brought as an application for an injunction pursuant to Chapter 65 of the Texas Civil Practice
and Remedies Code, making the actual harm requirement set forth in Lewis inapplicable. 
While we agree that Newby's claim in the trial court was an application for injunction,
subject to the provisions of Chapter 65, we recognize that in order to prevail under his writ
application Newby would have to show he was entitled to the relief he requested. See
generally Tex. Civ. Prac. & Rem. Code Ann. § 65.011 (Vernon 2008). 

 In his application for a writ of injunction, Newby sought "relief from [appellees']
refusal to permit correspondence between [Newby] and witnesses named in an existing
action [Newby v. Pate] and intended co-plaintiffs in an action that was being developed by
co-plaintiffs (who were separated by prison officials later, and before that action could be
filed)." Newby characterized his writ application as an action in equity whereby the
applicant seeks a writ of injunction under the principles of equity and the statutes of this
state. See id. § 65.011 (3)(granting writ application "if the applicant is entitled to a writ of
injunction under the principles of equity and the statutes of this state relating to [an]
injunction[.]"). 

 To prevail under his writ application, Newby would have had to show he was entitled
to a writ of injunction to restrain appellees from denying him inmate-to-inmate
correspondence under the circumstances presented. See id. § 65.011(3). Therefore, Newby
would have had to establish that the underlying conduct complained of was wrongful, i.e. that
appellees' improperly denied Newby access to courts, viz: by denying him the requested
inmate-to-inmate correspondence. See generally § 65.011; see also Jordan v. Landry's
Seafood Rest., Inc., 89 S.W.3d 737, 742 (Tex. App.--Houston [1st Dist.] 2002, pet. denied)
("The first element of a permanent injunction requires the existence of a wrongful act."). We
conclude that appellees have shown there is no reasonable probability that Newby would
prevail under such a claim, and likewise, no reasonable probability that he would have
prevailed in his writ application.

 In Newby v. Chambers, No. 14-08-00338-CV, 2009 WL 1416078 (Tex. App.--Houston [14th Dist.] May 21, 2009, no pet. h.) (mem. op.), the Houston Court of Appeals
addressed similar access of court claims asserted by Newby. In Chambers, Newby sued
prison officials after they allegedly denied him access to grievance forms and legal research
forms. Chambers, 2009 WL 1416078, at *2. The court recognized that to establish the
denial of the right of access to courts, "an inmate must show actual harm resulting from the
prison officials' alleged conduct." Id. (citing Lewis v. Casey, 518 U.S. 343, 349-52, 116
S.Ct. 2174, 135 L.Ed.2d 606 (1996)). "In other words, he must establish that 'his position
as a litigant was prejudiced by his denial of access to the courts.'" Newby v. Hurley, No. 13-08-016-CV, 2008 WL 3868338, at *2 (Tex. App.--Corpus Christi Aug. 21, 2008, no pet.)
(mem. op.). 

 In Lewis v. Casey, the Supreme Court explained that the actual-injury requirement "is
not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. The Court
clarified that an inmate's right to have access to courts does not guarantee inmates the
wherewithal to pursue all possible claims. Id. at 355. Rather, inmates are guaranteed only
the tools necessary "to attack their sentences, directly or collaterally, and in order to
challenge the conditions of their confinement." Id. The Supreme Court concluded that the
"[i]mpairment of any other litigating capacity is simply one of the incidental (and perfectly
constitutional) consequences of conviction and incarceration." Id. 

 In Chambers, the Houston Court of Appeals found that Newby failed to "[identify]
any injury caused by the prison officials' alleged failure to provide him grievance forms or
legal research request forms." Chambers, 2009 WL 1416078, at *3. The court stated,

 Instead, [Newby] alleged that the appellees' failure to provide him forms
impeded his "pursuit of legal research" to "develop [his] claims and prepare
responsive pleadings." He also contended that prison officials were
"abundantly aware" he was involved in nine active cause numbers and was
"struggling to manage them." But Newby did not specify any legal claims in
which he was challenging his conviction or the conditions of his confinement
that were hindered by the appellees' alleged failure to provide him these
forms. Thus he has not shown any actual harm resulting from such an alleged
failure.


Id. (citation omitted) (emphasis added). The court further noted that "an inmate does not
have a constitutionally protected right to access a grievance procedure." Id. Therefore,
inmates are not unconditionally entitled to a prison grievance procedure. Id. Finally, the
court recognized that there is no federally protected liberty interest in having prison
grievances resolved to an inmate's satisfaction. Id. The court concluded under the
circumstances of that case that the trial court did not abuse its discretion in finding that
Newby had no reasonable probability of prevailing on his access to court claims. Id; see also
Hurley, 2008 WL 3868338, at *2 (holding Newby could not prevail on his access to courts
claim because Newby failed to allege actual harm in pending litigation).

 Newby's pending action in Newby v. Pate is not a suit in which Newby challenges his
convictions or the conditions of his confinement. The complaint filed by Newby alleges that
in retaliation against Newby for "filing grievances and/or a current litigation," prison
officials violated his constitutional rights and denied him access to the courts. Specifically,
Newby alleges in his complaint that the law library supervisor, Mr. Pate, conducted an
unreasonable search of Newby's outgoing correspondence, improperly citing reasonable
suspicion as the basis for the search. Newby alleges his constitutional right to "petition the
government for a redress of grievances" was violated by prison officials who denied his
request for documentation of the justification of the search and, thereafter, denied him relief
through the grievance process. 

 The record does not indicate the basis of Newby's alleged class action lawsuit, but it
is undisputed that such action was merely being "developed" at the time of Newby's request
for inmate-to-inmate correspondence. 

 Even if Newby's claims were the type of claims for which he had the right of court
access under Lewis, Newby does not specify what, if any, actual injury occurred in his
pending or developing lawsuit as a result of his being denied the requested inmate-to-inmate
correspondence. While Newby states generally that he "faces dismissal" in Newby v. Pate,
as well as, "the deprivation of his right of access to courts in pursing his intended class
action," he does not specify how the inmates' testimony is relevant or significant, or why a
failure to obtain such testimony would be fatal to any causes of action challenging his
conviction or the conditions of his confinement. Newby has failed to allege any actual harm
in support of his denial of access to courts claims, as set forth in support of his application
for a writ of injunction. Under these circumstances, we cannot say the trial court abused its
discretion in determining that Newby had no reasonable probability of prevailing in his
injunction suit against appellees. 

Prior Litigations Dismissed as Frivolous or Groundless


 Newby argues that appellees have not met their burden to establish the remaining
criteria of section 11.054. See Tex. Civ. Prac. & Rem. Code Ann. § 11.054. According to
Newby, appellees have shown that Newby has been unsuccessful in at least six previous
litigations, but he argues appellees' evidence failed to meet the requirements of the statute. 
We disagree. Appellees submitted evidence with their motion establishing that Newby had
maintained at least six litigations in the seven years immediately preceding the filing of their
motion, which were determined by a trial court "to be frivolous or groundless under state or
federal laws or rules of procedure." Specifically, appellees presented evidence of dismissals
of the following suits maintained by Newby:

 (1) Newby v. Dretke, No. 2:05-CV-0128 (N.D. Tex. Sept. 19, 2006) (dismissing
cause with prejudice as frivolous); (2)

 

 (2) Newby v. Director, TDCJ-CID, No. 6:07-CV-0197 (E.D. Tex. Aug. 22, 2007)
(ordering that the plaintiff take nothing by his suit and that the same is
dismissed);


 (3) Newby v. Ward, No. 20,550 (1-A Dist. Ct., Tyler County, Tex. Sept. 26, 2007)
(dismissing case as frivolous); 


 (4) Newby v. Quarterman, No. 4:07-CV-1177 (S.D. Tex. May 29, 2007) (denying
petition for habeas relief and dismissed case with prejudice);


 (5) Newby v. Cunningham, No. 20,549 (1-A Dist. Ct., Tyler County, Tex. Sept. 6,
2007) (dismissing case with prejudice); and 


 (6) In re Newby, No. 07-07-0228-CV, 2007 WL 2066359 (Tex. App.--Amarillo
July 19, 2007, orig. proceeding) (dismissing mandamus petition in part and
denied in part).


 The trial court could reasonably have found sufficient prior lawsuits initiated by
Newby determined to be frivolous or groundless to meet the requirements of the statute. See
Tex. Civ. Prac. & Rem. Code Ann. § 11.054 (1)(C). 

Newby Previously Declared Vexatious Litigant


 Appellees supplemented their application with an order, signed by the same trial judge
just sixty days before the hearing, in Newby v. Chambers, No. 20,614 (1-A Dist. Ct., Tyler
County, Tex. Jan. 11, 2008), wherein the trial court found Newby to be a vexatious litigant. 
In his affidavit listing his prior lawsuits, Newby described the facts in Newby v. Chambers
case as follows: "claim for damages and equitable relief filed August 23, 2007 addressing
the refusal of the defendants to provide the plaintiff with 1-60s, grievances and Shepard's
requests in April and May of 2007." Essentially, he claimed that his litigation efforts were
being thwarted by the defendants. One of the defendants in that suit was Cunningham, who
works in the law library and is also a defendant in this case. In this case, Newby claims
Cunningham and others are refusing to allow him to correspond with other inmates about his
litigation efforts. The "similarity" between at least these two proceedings is determined by
the gist of the vexatious litigations; Newby sues in both cases based on alleged attempts by
Cunningham and other prison officials to thwart Newby's litigation efforts. If a plaintiff has
previously been declared a vexatious litigant in an action "based on the same or substantially
similar facts, transition, or occurrence," that order is sufficient alternate proof. See Tex. Civ.
Prac. & Rem. Code Ann. § 11.054 (3). From Newby's own pleadings, affidavit, and
statements at the hearing, the court could reasonably conclude the two proceedings against
Cunningham and others were based on "substantially similar facts, transition or occurrence."

 On the record before us we find that the trial court did not abuse its discretion in
declaring Newby a vexatious litigant. We overrule appellant's sole issue on appeal and
affirm the judgment of the trial court.

 AFFIRMED. 


 
 __________________________________

 CHARLES KREGER

 Justice


Submitted on August 7, 2009

Opinion Delivered November 12, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Newby filed a complaint against various individuals employed at the Roach Unit of
the Texas Department of Criminal Justice alleging retaliation and interference with his access
to the courts. That suit remains pending. Newby v. Pate, No. 2:06-CV-127-J (N.D. Tex.
filed May 15, 2006). 
2. We note that Newby v. Dretke was dismissed in part, with the remainder of Newby's
causes of action remanded to the trial court for further disposition.