**Affirmed and Opinion Filed May 27, 2021**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00098-CV**

**RYAN GALLAGHER, Appellant**

**V.**

**CITY OF AUSTIN, COLLIN COUNTY,**
**STATE OF TEXAS, AND TEXAS ATTORNEY GENERAL, Appellees**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-00049-2020**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Carlyle

Ryan Gallagher, appearing pro se, appeals the trial court's order declaring him a vexatious litigant. We affirm the trial court's order in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Mr. Gallagher filed this case pro se in Travis County, Texas, in August 2019, asserting claims against several governmental entities regarding past drug arrests that he contends violated his religious rights. On January 3, 2020, the case was transferred to the 416th Judicial District Court of Collin County.

On January 8, 2020, defendant Collin County filed a motion requesting that the trial court declare Mr. Gallagher a vexatious litigant. Following Mr. Gallagher's response and a hearing, the trial court signed a January 24, 2020 order declaring Mr. Gallagher a vexatious litigant and issued a pre-filing order against him. In March 2020, the trial court signed a final judgment dismissing Mr. Gallagher's claims with prejudice based on other grounds. Mr. Gallagher filed a timely notice of appeal of "the decision to declare me a Vexatious Litigant."

Chapter 11 of the Texas Civil Practice and Remedies Code provides a mechanism to restrict vexatious litigation by pro se individuals who abuse the legal system by pursuing numerous frivolous lawsuits. TEX. CIV. PRAC. & REM. CODE §§ 11.001–.104. The statute seeks to curb vexatious litigation by requiring plaintiffs found by the court to be "vexatious" to post security for costs before proceeding to trial. *Id.* §§ 11.051–.056.

Under Chapter 11, a defendant against whom a civil action is commenced, maintained, or pending may move the trial court for an order determining that the plaintiff is a vexatious litigant. *Id*. § 11.051. The court may find that a pro se plaintiff is a vexatious litigant if the defendant shows there is not a reasonable probability that the plaintiff will prevail in the litigation and that:

> (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been
> (A) finally determined adversely to the plaintiff;

(B) permitted to remain pending at least two years without having been brought to trial or hearing; or

(C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure; [or]

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined[.]

*Id*. § 11.054(1)–(2). "Litigation" means "a civil action commenced, maintained, or pending in any state or federal court." *Id*. § 11.001(2).

We review a trial court's order determining a litigant is vexatious for an abuse of discretion. *Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App.—Dallas 2006, no pet.). Under this standard, we may not substitute our judgment for the judgment of the trial court. *Id*. A trial court abuses its discretion if it acts in an arbitrary or capricious manner without reference to any guiding rules or principles. *E.g.*, *Drum v. Calhoun*, 299 S.W.3d 360, 364 (Tex. App.—Dallas 2009, pet. denied).

Here, we recognize Mr. Gallagher is acting pro se and we must construe his brief liberally. *Amrhein v. Bollinger*, 593 S.W.3d 398, 401 (Tex. App.—Dallas 2019, no pet.) (citing *Sterner v. Marathon Oil Co*., 767 S.W.2d 686, 690 (Tex. 1989)). But our rules of appellate procedure have specific requirements for briefing, *see* TEX. R. APP. P. 38.1, and the law is well-settled that a party proceeding pro se must comply

with all applicable rules. *Amrhein*, 593 S.W.3d at 401; *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App.—Dallas 2007, no pet.).

Though Mr. Gallagher purports to assert nine issues for our review, his appellate brief fails to present applicable facts, argument, and authorities for each purported issue.[1] *See Amrhein*, 593 S.W.3d at 402. The brief is rambling and largely incoherent, and its sixty pages consist mainly of jumbled and chaotic references to laws, constitutional rights, alleged crimes, wrongdoing, and complaints. This has made it difficult, if not impossible, to ascertain the issues presented. *See id*. The references made by Mr. Gallagher to the record or to legal authority are not accompanied by discussion, argument, or explanation of how the references relate to an issue on appeal. *See id*. at 403. Instead, this brief "provides no substantive analysis and makes no cogent argument." *Id*.

In the brief's conclusion, Mr. Gallagher states, "I request declaratory relief as to Religious Issues and Criminal acts of the County and State, as well as a lifting of the Vexatious litigant order intended to harm my Religious Exercise and ability to access the Courts." Our best efforts to construe an issue raised by Mr. Gallagher's brief leave us with only a complaint that the trial court erred by declaring him a vexatious litigant. We conclude he has preserved no issue for our review except the

---

[1] At this Court's instruction, Mr. Gallagher amended his appellate brief twice prior to submission. His brief states his "issues presented" as follows: Reopening and Merging Cases; Jurisdiction; Negligence/Noble Cause Corruption; Bill of Review; Conflict of Interest; Sovereign Immunity Waived and Destruction of Governmental Record; Bob Davis: Aggravated Perjury & Fraud on the Court; Judge Cynthia Wheless (Illegal Sanctions, Void Order, Recusal); and Greg Abbott and Ken Paxton: Conflict of Interest.

question of whether the trial court abused its discretion in declaring him a vexatious litigant.[2] *See id*. at 403; TEX. R. APP. P. 38.1.

The trial court's order stated Mr. Gallagher met the criteria for being determined a vexatious litigant under sections 11.054(1)(A) and 11.054(2). Mr. Gallagher's issues do not assert or describe any particular trial court error regarding those criteria. And even assuming he has raised such a challenge, the record shows those criteria were met.

Under both sections 11.054(1)(A) and 11.054(2), a defendant filing a section 11.051 motion has the burden to show there is not a reasonable probability that the plaintiff will prevail in the underlying litigation. At the trial court hearing, Collin County produced evidence that Mr. Gallagher's claims were barred because they were based on events that occurred outside the two-year statute of limitations, were filed against governmental entities that were entitled to immunity, and concerned matters addressed in prior cases pertaining to his use of marijuana in practicing his religion, implicating res judicata. In March 2020, the trial court dismissed Mr. Gallagher's claims with prejudice and he did not appeal that judgment. Thus, the record supports a finding that there was not a reasonable probability he would prevail in the litigation. *See* TEX. CIV. PRAC. & REM. CODE § 11.054.

---

[2] Indeed, that is the only issue Mr. Gallagher could raise in this Court without an order from a local administrative judge permitting the filing. *See Amrhein*, 593 S.W.3d at 403 n.4, 404 (citing TEX. CIV. PRAC. & REM. CODE § 11.103(a), (d)). The record does not show Mr. Gallagher obtained such an order. Thus, even if his brief complied with rule 38.1's briefing requirements—which it does not—no other appeal was authorized. *See id.*

Additionally, section 11.054(1)(A) required Collin County to show that in the seven-year period immediately preceding the motion, Mr. Gallagher commenced, prosecuted, or maintained at least five litigations as a pro se litigant, other than in a small claims court, that were finally determined adversely to him. Collin County's appendix to its section 11.051 motion contained documents showing more than thirty pro se litigations commenced, prosecuted, or maintained by Mr. Gallagher from January 8, 2013, to January 8, 2020, that were finally determined adversely to him. At the hearing, the trial court took judicial notice of that appendix.[3]

---

[3] Those pro se litigations included: (1) *Gallagher v. Ken Paxton, Jill Willis et al.*, Cause No. 4:18-cv-575, U.S. Dist. Court, E.D. Tex., Filed: July 2, 2018, Dismissed: Sept. 10, 2019; (2) *Gallagher v. Austin Police Dep't*, Cause No. 1:16-CV-00527, U.S. Dist. Court, W.D. Tex., Filed: Apr. 29, 2016, Dismissed: Mar. 22, 2017; (3) *Gallagher v. Chuck Rosenberg, DEA, et al.*, Cause No. 1:16-CV-01117, U.S. Dist. Court, W.D. Tex., Filed: Oct. 3, 2016, Dismissed: Nov. 4, 2016; (4) *The Shaivite Temple and Ryan Gallagher v. DEA, et al.*, Cause No. 1:19-CV-1136, U.S. Dist. Court, W.D. Tex., Filed Nov. 18, 2019, Dismissed: Dec. 13, 2019; (5) *Gallagher v. Mike Pompeo, Dep't of State, et al.*, Cause No. 3:18-CV-02879, U.S. Dist. Court, N.D. Tex., Filed: Oct. 29, 2018, Dismissed: July 1, 2019; (6) *Gallagher v. DEA, et al.*, Cause No. 3:17-CV-00734, U.S. Dist. Court, N.D. Tex., Filed: Mar. 14, 2017, Dismissed: Apr. 6, 2018; (7) *Gallagher v. Wray,* Cause No. 3:19-cv-930, U.S. Dist. Court, N.D. Tex., Filed: May 29, 2019, Dismissed: June 28, 2019; (8) *Gallagher v. FBI*, Cause No. 3:19-CV-2250, U.S. Dist. Court, N.D. Tex., Filed: Sept. 19, 2109, Dismissed: Oct. 16, 2019; (9) *Gallagher v. Ole Miss, et al.*, Cause No. 3:19-CV-01251, U.S. Dist. Court, N.D. Tex., Filed: May 24, 2019, Dismissed: June 26, 2019; (10) *Gallagher v. The Bitcoin Found., et al.*, Cause No. 3:19-CV-1151, U.S. Dist. Court, N.D. Tex., Filed: May 14, 2019, Dismissed: June 28, 2019; (11) *Gallagher v. DEA, et al.*, Cause No. 1:18-CV-00387, U.S. Dist. Court, Colo., Filed: Feb. 15, 2018, Dismissed: Mar. 26, 2018; (12) *Gallagher v. Nat'l Sec. Agency, et al.*, Cause No. 1:18-CV-00388, U.S. Dist. Court, Colo., Filed: Feb. 15, 2018, Dismissed: Mar. 26, 2018; (13) *Gallagher v. DEA, et al.,* Cause No. 1:18-CV-01674, U.S. Dist. Court, Colo., Filed: June 29, 2018, Dismissed: Aug. 21, 2018; (14) *Gallagher v. Bureau of Alcohol, Tobacco, Firearms, and Explosives, et al.*, Cause No. 1:18-CV-01693, U.S. Dist. Court, Colo., Filed: July 5, 2018, Dismissed: Aug. 30, 2018; (15) *Gallagher v. YouTube, LLC, et al.*, Cause No. 1:18-CV-01694, U.S. Dist. Court, Colo., Filed: July 5, 2018, Dismissed: Nov. 1, 2018; (16) *Gallagher v. Wray, et al.*, Cause No. 1:18-CV-01697, U.S. Dist. Court, Colo., Filed: July 5, 2018, Dismissed: Aug. 30, 2018; (17) *Gallagher v. Colo. Dep't of Revenue, et al.*, Cause No. 1:18-CV-01699, U.S. Dist. Court, Colo. Filed: July 5, 2018, Dismissed: Aug. 22, 2018; (18) *Gallagher v. Facebook, et al.*, Cause No. 1:18-CV-02029, U.S. Dist. Court, Colo., Filed: Aug. 8, 2018, Dismissed: Sept. 20, 2018; (19) *Gallagher v. Inter-American Comm'n on Human Rights*, Cause No. 1:18-CV-02046, U.S. Dist. Court, Colo., Filed: Aug. 10, 2018, Dismissed: Sept. 20, 2018; (20) *Gallagher v. No Named Defendants*, Cause No. 1:18-CV-02263, U.S. Dist. Court, Colo., Filed: Aug 31, 2018, Dismissed: Nov. 9, 2018; (21) *Gallagher v. Colo. Dep't of Revenue, et al.*, Cause No. 1:18-CV-02503, U.S. Dist. Court, Colo., Filed: Oct. 1, 2018, Dismissed: Nov. 9, 2018; (22) *Gallagher v. DEA, et al.*, Cause No. 1:18-CV-02505, U.S. Dist. Court, Colo., Filed: Oct. 1, 2018, Dismissed: Nov. 9, 2018; (23)

Though Mr. Gallagher asserts in his appellate brief that "simple dismissal" is not an "adverse" determination for section 11.054(1)(A) purposes, he cites no authority supporting that assertion and we have found none. *See Beasley v. Soc'y of Info. Mgmt., Dallas Area Chapter*, No. 05-19-00607-CV, 2020 WL 5087824, at \*9 (Tex. App.—Dallas Aug. 28, 2020, pet. denied) (mem. op.) (counting dismissal as section 11.054(1)(A) adverse determination); *1901 NW 28th St. Trust v. Lillian Wilson, LLC*, 535 S.W.3d 96, 101 (Tex. App.—Fort Worth 2017, no pet.) ("A party who repeatedly files baseless actions only to dismiss them is no less vexatious than the party who follows the actions through to completion."); *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 700–01 (Tex. App.—El Paso 2011, no pet.) ("An action which is ultimately dismissed by the plaintiff, with or without prejudice, is nevertheless a burden on the target of the litigation and the judicial system, albeit less of a burden than if the matter had proceeded to trial.").

---

*Gallagher v. Gallagher, et al.*, Cause No. 1:18-CV-02595, U.S. Dist. Court, Colo., Filed: Oct. 9, 2018, Dismissed: Nov. 1, 2018; (24) *Gallagher v. DEA, et al.*, Cause No. 3:18-CV-063, U.S. Dist. Court, N.D. Miss., Filed: Dec. 3, 2018, Dismissed: May 6, 2019; (25) *Gallagher v. USA*, Cause No. 1:18-CV-02153, U.S. Dist. Court, D.C., Filed: Sept. 14, 2018, Dismissed: Nov. 5, 2018; (26) *Gallagher v. FDA, et al.*, Cause No. 1:18-CV-02154, U.S. Dist. Court, D.C., Filed: Sept. 14, 2018, Dismissed: Nov. 25, 2019; (27) *Gallagher v. DEA, et al.*, Cause No. 1:18-CV-02439, U.S. Dist. Court, D.C., Filed: Oct. 3, 2018, Dismissed: Dec. 3, 2018; (28) *Gallagher v. Inter-American Comm'n on Human Rights, et al.*, Cause No. 1:18-CV-02441, U.S. Dist. Court, D.C., Filed: Oct. 17, 2018, Dismissed: Dec. 3, 2018; (29) *Gallagher v. Congress, et al.*, Cause No. 1:18-cv-2327, U.S. Dist. Court, D.C., Filed: Sept. 25, 2018, Dismissed: Oct. 24, 2018; (30) *Ryan Gallagher v. Collin Cty.*, Case No. 416-01458-2017, Collin Cty. Dist. Court, Filed: Mar. 27, 2017, Dismissed: Nov. 14, 2017; (31) *Gallagher v. Austin Police Dep't*, Case No. C-1-CV-16-001720, Collin Cty. Court at Law No. 2, Filed: Feb. 24, 2016, Dismissed: June 28, 2018; (32) *Gallagher v. Tex. Attorney Gen. (Ken Paxton), et al.*, Case No. DC-19-02400, Dallas Cty. Dist. Court, Filed: Feb. 19, 2019, Dismissed: July 22, 2019; (33) *Ryan Gallagher v. DEA*, Case No. DC-19-11048, Dallas Cty. Dist. Court, Filed: Aug. 2, 2019, Dismissed: Dec. 13, 2019.

Alternatively, section 11.054(2) required Collin County to show that after a litigation was finally determined against Mr. Gallagher, he repeatedly relitigated or attempted to relitigate, pro se, either "(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined." TEX. CIV. PRAC. & REM. CODE § 11.054(2). Collin County showed at the hearing that following the final determination of a 2017 lawsuit Mr. Gallagher filed against Collin County regarding his alleged right to use marijuana in practicing his religion, he has commenced additional pro se litigation against Collin County based on that same claim—including this case. Thus, section 11.054(2)'s criteria have been satisfied.

Mr. Gallagher's appellate brief also includes a one-page form titled "Challenge to Constitutionality of a State Statute." On the form, he lists eleven statutes "being challenged," including "Texas Law Chapter 11 (Vexatious Litigant Law)," which we construe as Texas Civil Practice & Remedies Code Chapter 11. He provides no further explanation or basis for his Chapter 11 constitutionality challenge. Thus, that constitutional challenge is inadequately briefed. *See Edwards Aquifer Auth. v. Day*, 369 S.W.3d 814, 844 (Tex. 2012) (refusing to consider appellant's constitutional claim when he failed to demonstrate how his constitutional rights were violated). In any event, this Court has consistently concluded Chapter 11

is not unconstitutional. *See Beasley*, 2020 WL 5087824, at \*12 (citing *Leonard v. Abbott*, 171 S.W.3d 451, 457–58 (Tex. App.—Austin 2005, pet. denied)); *Cooper v. McNulty*, No. 05-15-00801-CV, 2016 WL 6093999, at \*4 (Tex. App.—Dallas Oct. 19, 2016, no pet.) (mem. op.).

We affirm the trial court's order.

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE

200098f.p05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RYAN GALLAGHER, Appellant

No. 05-20-00098-CV      V.

CITY OF AUSTIN, COLLIN
COUNTY, STATE OF TEXAS,
AND TEXAS ATTORNEY
GENERAL, Appellees

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-00049-
2020.
Opinion delivered by Justice Carlyle.
Justices Schenck and Reichek
participating.

In accordance with this Court's opinion of this date, the judgment of the trial
court is **AFFIRMED**.

Judgment entered this 27th day of May, 2021.