

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00104-CV
_____


THE ESTATE OF RAFFAELE MARTINI PANDOZY, DECEASED



On Appeal from the Probate Court
Dallas County, Texas
Trial Court No. PR-18-03717-1




Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Stevens

# O P I N I O N

Sulma Gonzales appeals the trial court's order finding that she is a vexatious litigant. Because we find no error in the trial court's decision to declare Gonzales a vexatious litigant, we affirm the trial court's order.[1]

## I.      Standard of Review and Applicable Law

"Chapter 11 of the Texas Civil Practice and Remedies Code provides a mechanism to restrict vexatious litigation by pro se individuals who abuse the legal system by pursuing numerous frivolous lawsuits." *Gallagher v. City of Austin, Collin Cty.*, No. 05-20-00098-CV, 2021 WL 2154616, at *1 (Tex. App.—Dallas May 27, 2021, no pet.) (mem. op.) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.001–.104). "The statute seeks to curb vexatious litigation by requiring plaintiffs found by the court to be 'vexatious' to post security for costs before proceeding to trial." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.051–.056).

"Under Chapter 11, a defendant against whom a civil action is commenced, maintained, or pending may move the trial court for an order determining that the plaintiff is a vexatious litigant." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 11.051). As stated by the Dallas Court of Appeals:

> The court may find that a pro se plaintiff is a vexatious litigant if the defendant shows there is not a reasonable probability that the plaintiff will prevail in the litigation and that:
>
>    (1)      the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Fifth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

> 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been
>
> (A)    finally determined adversely to the plaintiff; [or]
>
>                      . . . .
>
> (C)    determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure . . . .

*Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(1)). "'Litigation' means 'a civil action commenced, maintained, or pending in any state or federal court.'" *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 11.001(2)).

"We review a trial court's order determining a litigant is vexatious for an abuse of discretion." *Id.* at \*2 (citing *Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App.—Dallas 2006, no pet.)). "Under this standard, we may not substitute our judgment for the judgment of the trial court." *Id.* "A trial court abuses its discretion if it acts in an arbitrary or capricious manner without reference to any guiding rules or principles." *Id.* (citing *Drum v. Calhoun*, 299 S.W.3d 360, 364 (Tex. App.—Dallas 2009, pet. denied)).

## II.    Factual and Procedural History

Raffaele Martini Pandozy died intestate in 2018, leaving behind three children, Maximilian Carlo Martini, Christopher O'Bannon Martini, and Michelle Cornelia Martini. Maximilian filed an application to determine heirship and an application for independent administration and letters of administration. The trial court determined that the Martini children were Raffaele's sole heirs and issued an order granting Maximilian letters of independent

3

administration on June 25, 2018. Sulma Gonzales intervened, claiming to be Raffaele's common-law wife.

In March 2019, the trial court held a hearing in which a directed verdict was granted against Gonzales on her claim that she was Raffaele's common-law wife, and in May, the trial court ordered Gonzales to pay $5,107.00 for Maximilian's attorney fees. On September 18, 2019, the trial court reaffirmed its findings made in the determination of heirship and entered an order finding that Gonzales was not Raffaele's common-law wife and lacked standing to participate in the probate proceedings. *See Estate of Pandozy*, No. 05-19-00755-CV, 2021 WL 711500, at *1 (Tex. App.—Dallas Feb. 22, 2021, no pet.) (mem. op.). The Dallas Court of Appeals ultimately affirmed the trial court's rulings. *See id.*

Before the Dallas Court of Appeals issued its decision, Maximilian moved to compel Gonzales to comply with his demand to return property necessary for the efficient administration of Raffaele's estate. In response, Gonzales filed a motion for damages and sanctions as a pro se representative of the Art About Art Foundation (Foundation), a nonprofit corporation that was allegedly owned by Raffaele. On behalf of the Foundation, Gonzales requested the following: (1) $10,000.00 in sanctions against Maximilian's trial counsel "for writing that she represented the registered owner of the property at 2312 Al Lipscomb Way[], Dallas, Texas 75215," which belonged to Raffaele; (2) $5,800.00 in sanctions for purportedly refusing to return keys, documents, and hard drives "supposedly belonging to the Decedent" requested by Gonzales; (3) $1,000.00 in reimbursement for Maximilian's alleged use of a debit card, purportedly belonging to the Foundation, to pay attorney fees; (4) $5,000.00 in sanctions for Maximilian's

4

counsel's "failure to comply with the foundations [sic] request for reimbursement"; and (5) $104,000.00 for an "occupancy bill" that "the foundation ha[d] authorized Gonzales to collect."

In response to Gonzales's claims, Maximilian filed a motion for sanctions. He also filed a motion to declare Gonzales a vexatious litigant on August 8, 2019. The motion alleged that Gonzales could not prevail on her claims and that she had filed at least five lawsuits that had been adversely determined against her.

The trial court had a hearing on Maximilian's motions on September 12, 2019. Maximilian argued that Gonzales filed multiple motions, even though the trial court had already ruled that she did not have standing, and was asserting claims on behalf of a foundation that she could not represent. Maximilian introduced evidence that Gonzales filed a pro se appeal from a justice court's purported dismissal of her claims against MSW Capital, LLC, assignee of Credit Peace One Bank, after she was sued for credit card debt. The appeal was dismissed for want of jurisdiction. Maximilian also pointed to several other unsuccessful litigations by Gonzales. *See Gonzales v. Dallas Cty. Appraisal Dist.*, No. 05-16-00215-CV, 2017 WL 1684667, at *2 (Tex. App.—Dallas May 3, 2017, no pet.) (mem. op.) (upholding a trial court's turnover order and dismissing challenges to the trial court's dismissal of Gonzales's claim based on a prior opinion disposing of those claims affirming Gonzales's lack of standing); *Lenola Corp. v. Dallas Cty.*, No. 05-16-01158-CV, 2016 WL 7384170, at *1 (Tex. App.—Dallas Dec. 21, 2016, no pet.) (mem. op.) (dismissing an appeal because Gonzales, who is not an attorney, was purporting to represent a corporation); *Gonzales v. Dallas Cty. Appraisal Dist.*, No. 05-13-01658-CV, 2015

5

WL 3866530, at *1 (Tex. App.—Dallas June 23, 2015, no pet.) (mem. op.) (affirming the trial court's dismissal of Gonzales's claims against the appraisal district because she lacked standing since she did not own the property); *Gonzales v. Crowley*, No. 07-14-00121-CV, 2014 WL 7447927, at *1 (Tex. App.—Amarillo Dec. 30, 2014, pet. denied) (mem. op.) (per curiam) (affirming a take-nothing judgment against Gonzales). The trial court tabled a ruling on the vexatious litigant motion.

In July 2020, Maximilian filed an amended application for letters of independent administration, which Gonzales opposed despite the trial court's prior rulings that she did not have standing to do so. The trial court reaffirmed its prior rulings that Gonzales lacked standing to oppose Maximilian's appointment as independent administrator and granted Maximilian's amended application.

On November 9, 2020, the trial court held a second hearing on Maximilian's vexatious litigant motion. At that hearing, Maximilian argued that, even though Gonzales did not have standing, she had reasserted herself in the probate proceedings by opposing Maximilian's amended application. Maximilian's counsel informed the trial court that Gonzales had filed a pro se appeal of the August 2019 order to pay attorney fees and had also filed Chapter 11 bankruptcy to avoid paying them, though the bankruptcy suit was dismissed.

On November 16, 2020, the trial court entered an order declaring Gonzales to be a vexatious litigant. The order stated that Gonzales was prohibited from filing any new litigation without permission of an appropriate local administrative judge.

6

**III.    Analysis**

Maximilian had to show (1) that there was no reasonable probability that Gonzales would prevail in this litigation and (2) that she had commenced five litigations in the past seven years as a pro se litigant that were finally determined against her. We find no abuse of discretion in the trial court's determination that Maximilian met these requirements.

As for the first requirement, the trial court had entered a directed verdict on Gonzales's claims that she was Raffaele's common-law wife, nothing in this record suggested that the trial court's decision was erroneous, and Gonzales raises no cogent argument in her brief that she could prevail on her claim of common-law marriage. Also, Gonzales could not raise pro se claims on behalf of the Foundation. *See U.S. Bank Tr., N.A. as Tr. for LSF8 Master Participation Tr. v. Freedom Indeed Found., Inc.*, No. 08-20-00101-CV, 2020 WL 9349616, at *2, n.2 (Tex. App.—El Paso Oct. 7, 2020, no pet.) (mem. op.) (per curiam) (pro se plaintiff could not file pro se pleadings on behalf of foundation in his capacity as foundation's president because foundation was a corporation that needed to be represented by a licensed attorney); *Lenola Corp.*, 2016 WL 7384170, at *1. As a result, we find no abuse of discretion in the trial court's conclusion that there was no reasonable probability that Gonzales would prevail in this litigation.

As for the second requirement, because Maximilian filed the motion to declare Gonzales a vexatious litigant on August 8, 2019, he had to show that five pro se litigations had been adversely determined against Gonzales since August 8, 2012. He accomplished this by showing (1) that Gonzales's pro se appeal challenging dismissal of claims was dismissed on March 18,

7

2013, for want of jurisdiction,[2] (2) that, in a pro se appeal, a take-nothing judgment against Gonzales was affirmed by an Amarillo Court of Appeals in 2014, (3) that, in a pro se appeal, the Dallas Court of Appeals affirmed the trial court's dismissal of claims for lack of standing in 2015, (4) that Gonzales attempted to relitigate claims finally resolved against her for lack of standing in a 2015 opinion issued by the Dallas Court of Appeals by filing another pro se appeal in 2017 that was resolved against her, and (5) that, in 2016, the Dallas Court of Appeals dismissed Gonzales's pro se appeal filed on behalf of a corporation because she was not an attorney. *See Gonzales*, 2017 WL 1684667, at *2; *Lenola Corp.*, 2016 WL 7384170, at *1; *Gonzales*, 2015 WL 3866530, at *1; *Gonzales*, 2014 WL 7447927, at *1. Because this evidence showed that Gonzales commenced or maintained five litigations that were finally determined adversely to her in the seven years before the filing of the vexatious litigant motion, the trial court did not abuse its discretion in finding that Maximilian met the second requirement. *See Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 699 (Tex. App.—El Paso 2011, no pet.) (the term "litigation" in the vexatious litigant statute "plainly encompasses appeals").

We find no abuse of discretion in the trial court's decision to declare Gonzales a vexatious litigant.[3]

---

[2]A dismissal for want of jurisdiction is an adverse action. *Beasley v. Soc'y of Info. Mgmt., Dallas Area Chapter*, No. 05-19-00607-CV, 2020 WL 5087824, at *9 (Tex. App.—Dallas Aug. 28, 2020, pet. denied) (mem. op.); *Gallagher*, 2021 WL 2154616, at *4.

[3]Gonzales also argues that the trial court abused its discretion by refusing to require a dependent administration and by failing to recognize her standing based on the doctrine of after acquired title, a doctrine not raised in the trial court. Because we have affirmed the trial court's vexatious litigant order and Gonzales did not comply with it by obtaining permission to file those complaints from a local administrative judge, we dismiss those claims for want of jurisdiction. *See In re Crenshaw*, No. 05-19-00633-CV, 2019 WL 2710755, at *1 (Tex. App.—Dallas June 28, 2019, orig. proceeding) (mem. op.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035(b) ("the court 'shall

## IV.     Conclusion

We affirm the trial court's vexatious litigant order.

Scott E. Stevens
Justice

Date Submitted:     August 13, 2021
Date Decided:     September 3, 2021

---

dismiss the litigation unless the [vexatious litigant subject to a prefiling order] . . . obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing of the litigation'")).

9